The SCHAEFFER HOMES, INC., and John Doe I Through X, as Officers and Directors of The Schaeffer Homes, Inc., Appellants,

v.

David R. ESTERAK and Kathy L. Esterak, Appellees.

No. 08–90–00168–CV.

Court of Appeals of Texas, El Paso.

June 20, 1990.

Peter F. Gazda, Reed & Manning, San Antonio, for appellants.

E.K. Peticolas, Peticolas, Broaddus & Shapleigh, El Paso, for appellees.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

PER CURIAM.

This is an appeal from a default judgment entered against the Appellants on January 12, 1990. A timely motion to vacate such judgment, or in the alternative grant a new trial, was filed on February 9, 1990. The judge was empowered to rule on such motion within seventy-five days of the date judgment was entered, i.e., not later than March 28, 1990. Tex.R.Civ.P. 329b(a) and (c). If a timely motion is filed and is overruled by operation of law, the lower court's period of plenary power extends for an additional thirty days after the motion is overruled by operation of law, in this case until April 27, 1990. Tex.R.Civ.P. 329b(e). During that period of plenary power, the court has the power to grant a new trial. Tex.R.Civ.P. 329b(d).

The transcript in this case contains a letter on the stationary of the Honorable Herb Marsh, Judge of the 243rd District Court, dated April 25, 1990. The letter is addressed to counsel for both sides and recites, in reference to Esterak vs. Shaeffer Homes, No. 89–11598:

> The defendant's motion for new trial is granted, but defendant is to pay $500 to plaintiffs [sic] counsel to cover attorneys

fees and costs incurred in this proceeding.

The letter was signed by the judge, and it was filed the next day, April 26, 1990, with the district clerk.

The appeal in this case was "perfected" on April 27, 1990, with the timely filing of the cost bond. The transcript was received on May 14, 1990, but was not filed due to the discovery of the April 25, 1990 letter purporting to grant Appellants a new trial. The Court notified both parties to the appeal that it appeared that the granting of a new trial precluded appeal at this time. The Court expressed tentative intent to dismiss the appeal and solicited responses.

■ Both sides have now responded by letter. Appellants have expressed agreement with the dismissal based upon the timeliness and validity of the granting of a new trial through the April 25, 1990 letter. Appellants requested that the Court treat the letter as the new trial order itself. Appellees have responded with opposition to the dismissal of the appeal. Appellees contend that "a letter addressed to counsel of record from the Judge of the trial court indicating his intent to grant a new trial does not constitute an order." Since no order was entered, Appellees contend that the court's plenary power expired with the default judgment intact. Appellants are then limited to pursing this direct appeal, with the appellate timetables running from January 12, 1990.

At the outset, we emphasize the precise language of the judge's letter. He did not express an intent to grant a new trial. Compare Gholson v. Thorn, 597 S.W.2d 568, 569, 571 (Tex.Civ.App.—Dallas 1980, no writ) with Ortiz v. O.J. Beck & Sons, Inc., 611 S.W.2d 860, 865 (Tex.Civ.App.—Corpus Christi 1980, no writ). In this case, the letter did not express an intent yet to be effectuated, e.g. "I am going to grant a new trial." The letter states a "new trial is granted."

We are mindful of the Supreme Court's language in Goff v. Tuchscherer, 627 S.W.2d 397, 398–399 (Tex.1982) that:

Letters to counsel are not the kind of documents that constitute a judgment, decision or order from which an appeal may be taken.

The facts, however, are distinguishable. There, a November 5, 1980 letter from the judge to counsel indicated that a plea of privilege had been overruled. The letter was not filed, and on November 26, 1980, a final order overruling the plea was signed and filed. The non-filing of the letter and the later entry of a formal order reflects that the trial judge did not intend the earlier letter to serve as an entered order.

The letter in the present case recites that the new trial *is* granted. The letter was filed with the district clerk the next day. There is no draft, directive or subsequent order evidencing that the April 25 letter was not considered by the judge to be the operative order itself. In content, the letter substantially complies with all the requisites of formal entry of the decision rendered. It is dated. It is signed. It identifies the parties and the trial court cause number (especially when considered together with the rest of the record). *See Gomez v. Bryant*, 750 S.W.2d 810 (Tex.App.—El Paso 1988, no writ); *Crystal City Independent School District v. Wagner*, 605 S.W.2d 743 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). *Compare* Tex.R. Civ.P. 301, et seq. Evidencing a decision actually rendered, describing such decision with certainty as to parties and effect, and publicly announcing entry of such decision by prompt filing, we consider this April 25, 1990 letter to possess all the necessary attributes of an order.

 Even if this letter were insufficient to constitute the order itself, the result would be the same in terms of precluding this present appeal. The letter is filed evidence that a decision to grant a new trial had been rendered by April 25, 1990. *Compare Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d at 864–865. A decision is rendered when announced orally in open court or by memorandum filed with the clerk. *Horlock v. Horlock*, 593 S.W.2d 743 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). The signing of a formal order or judgment is essential to trigger the appropriate appellate timetable under Tex.R. Civ.P. 306a, but is otherwise merely a ministerial, mechanical act. In this case, the rendition of a decision to grant the new trial, evidenced by the filed letter of April 25, 1990 would preclude, not trigger, the appellate timetables. Thus, the signing of a formal order granting the new trial is immaterial to this attempted appeal. It may be argued that the cause is now in limbo—that the filed April 25, 1990 letter precludes appeal, and the absence of a formal order granting the new trial precludes proceeding to a new trial, but that quandary is not before us and may be readily resolved in the lower court.

Accordingly, it is the opinion of this Court that the appeal is premature and should be dismissed and such dismissal is hereby ordered.