Garbs 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-110-CV





TERRISIA F. GARBS,



 RELATOR


vs.





HONORABLE BURT CARNES, JUDGE 368TH DISTRICT COURT,


WILLIAMSON COUNTY, TEXAS AND BONNIE WOLBRUECK, DISTRICT CLERK


WILLIAMSON COUNTY, TEXAS,



 RESPONDENTS



 




ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY



 




 Relator, Terrisia F. Garbs, recovered attorney's fees against Randall K. Barfield,
the real party in interest in this proceeding. Barfield filed a motion for new trial and the trial
judge orally granted the motion. Unfortunately, Barfield did not obtain a separate written order
before the motion was overruled by operation of law and the trial court's plenary jurisdiction
expired. Garbs seeks mandamus to compel the trial judge to vacate his order granting the new
trial. We will conditionally grant the writ of mandamus. See Tex. Gov't Code Ann. § 22.221(b)
(West 1988); Tex. R. App. P. 121.



THE CONTROVERSY


 Relator, Terrisia F. Garbs, seeks a writ of mandamus to compel the Honorable Burt
Carnes to vacate an order granting a new trial in Garbs' cross-action against Randall K. Barfield. 
Both Garbs and Barfield were defendants in a lawsuit brought by the Anderson Mill Council of
Co-owners for breach of a restrictive covenant which prohibited the subject property from being
used for commercial purposes. Barfield, the owner of the property, had leased the property to
Garbs with the understanding that it could be used for a commercial purpose, and did not inform
Garbs of the restriction. In the underlying claim, Garbs obtained an award of attorney's fees in
the cross-action against Barfield for Barfield's misrepresentations. The judgment awarding
attorney's fees to Garbs was signed on August 12, 1992. Barfield then timely filed a motion for
new trial on September 10, 1993. See Tex. R. Civ. P. 329b(a). On October 8, 1993, Judge
Carnes orally granted the motion for new trial as to Garbs' cross-action against Barfield and noted
on the docket that the motion for new trial had been granted. (1) Judge Carnes, however, did not
sign a separate written order granting a new trial at that time.

 Pursuant to Rule 329b, a motion for new trial must be granted by a written order
signed within seventy-five days after the trial court judgment is signed. Tex. R. Civ. P. 329b(c). 
If not signed within this specified period, the motion for new trial is considered overruled by
operation of law. Id. Rule 329b, however, also provides that when timely filed motions for new
trial are overruled by either a signed order or by operation of law, the trial court retains plenary
power over the cause during the thirty-day period following the date when the motion was
overruled. Tex. R. Civ. P. 329b(d). Under the facts of this case, the trial court's plenary
jurisdiction ended November 26, 1993, which fell during the Thanksgiving holidays. Therefore,
the following Monday, November 29, 1993, was the last day the trial court had plenary power
to sign a written order. Unfortunately, although the order was sent to Judge Carnes on November
26, 1993, he did not sign it until November 30, 1993.

 On December 15, 1993, a pretrial hearing was held, during which Garbs requested
that the trial judge vacate his order because it was signed after the court lost jurisdiction to rule
on the matter. Barfield argued, however, that the order should not be vacated because the
October 8, 1993, docket entry was sufficiently detailed to be treated as an order by the trial court
granting a new trial and, since the entry fell within the 105 day period (2) required under Rule 329b,
the order was valid. Judge Carnes denied the request, but suspended further action in the case
to allow Garbs to petition for a writ of mandamus. Garbs subsequently filed a petition for writ
of mandamus to vacate the November 30, 1993, order granting the new trial.



DISCUSSION


 The law is clear that neither an oral pronouncement by a judge nor a docket entry
can serve as a substitute for a separate written order. Judge Carnes' oral pronouncement of his
intent to grant a new trial is not a sufficient substitute for the written order required under Rule
329b. See Reese v. Piperi, 534 S.W.2d 329, 330 (Tex. 1976) ("The opportunities for error and
confusion may be minimized if judgments will be rendered only in writing and signed by the trial
judge after careful examination."). In Poston Feed Mill Co. v. Leyva, 438 S.W.2d 366 (Tex. Civ.
App.--Houston [14th Dist.] 1969, writ dism'd), the court of appeals explained the rationale behind
requiring separate written orders:



Of necessity, a court must speak through its written orders. Where it has so
spoken only a clear and unequivocal written order or expression by that court will
vacate, set aside, modify or amend its first order. Any other rule would be the
parent of uncertainty for the orders of any court.



Id. at 369.

 Courts similarly have held that a docket entry cannot serve as a substitute for a
written order in computing time limits under Rule 329b. In Hamilton v. Empire Gas & Fuel Co.,
110 S.W.2d 561 (Tex. 1937), the supreme court indicated that court orders must be entered of
record and that "[n]either entries in the judge's docket nor affidavits can be accepted as substitute
for such record . . . ." Id. at 566.

 The supreme court has held that the recitation in a docket sheet of an order granting
a motion for a new trial is not an effective order. Clark & Co. v. Giles, 639 S.W.2d 449 (Tex.
1982). The supreme court in Clark held that "7-31-81 Mo. N. T. Sus.," noted in the docket, was
not a written order signed by the judge within the meaning of Rule 329b. Id. at 449 n.1.

 Barfield contends, however, that the docket entry by Judge Carnes is a much
clearer statement of the order to grant a new trial than was the docket notation in Clark. He
argues that the instant case is similar to Schaeffer Homes, Inc. v. Esterak, 792 S.W.2d 567 (Tex.
App.--El Paso 1990, no writ), in which the court of appeals held that a judge's letter to the parties
was a sufficient substitute for a separate written order because it contained all the necessary
attributes of an order, i.e., it was dated, signed, and identified the parties and cause number. Id.
at 569. Barfield argues that the docket entry in the instant case also is a sufficient substitute
because the judge's entry on the docket sheet contained the date, the judge's signature, the names
of the parties, and the cause number, and therefore was an order in substance, if not in form.

 Schaeffer, however, does not compel the conclusion that the docket entry at issue
here was an order. In Schaeffer, the court of appeals relied heavily on the fact that the judge in
that case intended the letter to be the separate written order in reaching its decision. The court
noted that there was no subsequent order signed by the judge that would indicate that the judge
did not intend the letter to be the operative order. Schaeffer, 792 S.W.2d at 569. The court of
appeals was careful to distinguish its case from other cases in which a judge had sent a letter to
the parties, and later signed a formal order, noting that "the later entry of a formal order reflects
that the trial judge did not intend the earlier letter to serve as an entered order." Id.

 Applying the Schaeffer rationale to the instant case, it is apparent that Judge Carnes
did not intend the docket entry to be the operative order granting the motion for new trial. He
signed the formal order on November 30, 1993, and it was subsequently entered of record. There
is no indication that Judge Carnes had any intention that the docket entry serve as a substitute for
a formal written order granting a new trial.

 We have previously held in a similar case involving a motion for reinstatement that
the docket entry does not constitute a separate written order. First Nat'l Bank of Giddings v.
Birnbaum, 826 S.W.2d 189 (Tex. App.--Austin 1992, no writ). In Birnbaum, we noted that "a
trial court's oral pronouncement and docket entry . . . [are] not an acceptable substitute for the
written order . . . ." Id. at 190 (quoting Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta,
776 S.W.2d 577, 578 (Tex. 1989)). We refused to hold that a docket entry could substitute for
a separate written order because it is inherently unreliable and lacks the formality of orders and
judgments. Id. at 190.

 Therefore, because the trial court's plenary power to grant the motion for new trial
elapsed on November 29, 1993, and the order was not signed until November 30, 1993, the trial
court lost jurisdiction over the case before the written order was signed. The order purporting
to grant a new trial is thus null and void.



CONCLUSION 


 Relator's petition for writ of mandamus is conditionally granted. This Court
assumes that Judge Carnes will vacate the order of November 30, 1993, which granted the motion
for new trial. The writ of mandamus will issue only if Judge Carnes does not do so.



 

 Mack Kidd, Justice


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Writ of Mandamus Conditionally Granted

Filed: May 11, 1994

Do Not Publish

1.   The docket entry states, "M New Trial granted on crossaction filed by Garbs against
Barfield only. JBC."
2. [2]  The 105-day period following judgment is the sum of: 75 days following the rendering of
judgment by the trial court, when the motion for new trial is overruled by operation of law; and,
30 days following the overruling of a motion for new trial, after which the trial court loses plenary
jurisdiction.