NUMBER 13-03-372-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


DANNY J. MORRIS, LUCIA R. MORRIS, 

AND M. M., A CHILD, Appellants,


v.



STATE OF TEXAS PARKS & 

WILDLIFE DEPARTMENT, Appellee.

___________________________________________________________________


On appeal from the 135th District Court


of Goliad County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Opinion by Justice Rodriguez



 Appellants, Danny J. Morris, Lucia R. Morris, and M. M., a child, appeal from
a June 21, 2003 letter issued by the trial court wherein it found in favor of the State
of Texas Parks & Wildlife Department's (the Department) plea to the jurisdiction and
ordered appellants to replead. Appellee, the Department, filed a motion to dismiss the
appeal arguing the appeal was filed prematurely. The motion was carried with the
case. We now dismiss the appeal for want of jurisdiction and dismiss the motion as
moot.

 Appellants filed this personal injury lawsuit on August 1, 2002 in Laredo, Webb
County, Texas. Appellee's motion to transfer venue was granted and the case was
transferred to Goliad County. On March 5, 2003, appellee filed its plea to the
jurisdiction and motion to dismiss. On June 21, 2003, after reviewing the motion, the
court sent a letter to all counsel of record explaining that it had made a finding in favor
of the plea. In its letter, the court ordered appellants to replead. On June 25, 2003,
appellants filed a notice of appeal in this Court based on the June 21 letter.

 Although appellants amended their petition on July 3, 2003, the trial court
signed an order on August 1, 2003, granting appellee's plea to the jurisdiction and
dismissing appellants' cause of action. However, on August 13, 2003 the trial court
withdrew its August 1 order and reinstated the case.

 Before addressing appellants' issues on appeal, we must first determine whether
this Court has jurisdiction. Appellee contends that the July 21 letter issued by the trial
court was not an appealable order and therefore, appellants' appeal was premature. 
Appellants respond by arguing that the letter unequivocally granted the appellee's plea
to the jurisdiction and is an appealable order.

 After reviewing the letter issued and the subsequent orders entered by the trial
court, we find that the letter cannot be construed as an appealable order for several
reasons. First, unlike the "letter orders" in Champion Int'l Corp. v. Twelfth Court of
Appeals, 762 S.W.2d 898 (Tex. 1988), and Schaeffer Homes, Inc. v. Esterak, 792
S.W.2d 567 (Tex. App.-El Paso 1990, no writ), which contained clear language
indicating a present act, the language used in this case reflects only a finding of the
court and does not indicate a present intent to act on that finding. See Champion Int'l
Corp., 762 S.W.2d at 899 (letter issued by the trial court stated "the Court orders a
mistrial" and indicated the case would be rescheduled for trial); Schaeffer Homes, 792
S.W.2d at 568 (letter stated "the defendant's motion for new trial is granted"). 
Second, the letter requires a future action, repleading by the plaintiff, which indicates
the letter was not intended to be an order. See In re Fuentes, 960 S.W.2d 261, 265
(Tex. App.-Corpus Christi 1997, no writ) (holding letter issued by trial court not an
order based in part on its contemplation of future action). Third, the August 1 order
granting the plea to the jurisdiction and dismissing the cause of action indicates that
the letter was not intended to be an order. See Schaeffer Homes, 992 S.W.2d at 569
(later entry of formal order is evidence the letter was not considered by the judge to
have operative effect). We conclude the letter issued by the trial court in this case
cannot be interpreted as an order.

 The only order from which appellants could have appealed was the trial court's
August 1 order granting appellee's plea to the jurisdiction and dismissing the case; an
order which was subsequently withdrawn by the trial court. Thus, there is no order
from which appellants can appeal. Having no appealable order before this Court, we
may, on our own initiative, dismiss the appeal for want of jurisdiction. (1) See Tex. R.
App. P. 42.3(a). Furthermore, we need not address appellee's argument regarding the
prematurity of the appeal because the order was withdrawn. 

 Accordingly, we dismiss the appeal for want of jurisdiction and dismiss
appellee's motion to dismiss as moot. (2)

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed

this 16th day of March, 2004.

 
1. This issue was presented at oral argument on January 29, 2004. At that time the parties had
notice that this Court may dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a).
2. Although this appeal has been dismissed for want of jurisdiction, the issues raised by appellants
have been addressed in a companion case, State of Texas Parks & Wildlife Department v. Danny J.
Morris, Lucia R. Morris, and M. M., a child, cause number 13-03-509-CV.