Opinion filed May 4, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed May 4, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00414-CV 

                                                     __________

 

              TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, 
Appellant

 

                                                             V.

 

                                       TOMAS
AVELLANEDA AND 

                    VICTORIA
LUVIANO DE AVELLANEDA, Appellees

 



 

                                         On
Appeal from the 259th District Court

 

                                                          Jones
County, Texas

 

                                                    Trial
Court Cause No. 18838

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

This is an interlocutory appeal in a lawsuit filed
against the Texas Department of Criminal Justice (the Department).  Appellees=
son, Daniel Miguel Avellaneda, was an inmate at the Department=s French Robertson Unit in
Abilene.  Neal Dean Harms, a guard at the
unit, fatally shot Avellaneda on July 8, 1996, during an incident which
occurred in a field at the unit.  The
Department contends that the trial court erred in denying its plea to the
jurisdiction.  We dismiss in part and
reverse and render in part.








                                                               Procedural
History

The Department filed two pleas to the jurisdiction
in the underlying proceedings.  The
Department filed the first plea to the jurisdiction on January 4, 2005.  The trial court forwarded a letter to the
attorneys of record on October 21, 2005, denying the first plea to the
jurisdiction.  The Department filed its
second plea to the jurisdiction on November 3, 2005.  The trial court denied the second plea to the
jurisdiction in two written orders entered on December 8 and 13, 2005.  The Department filed its notice of appeal
with respect to the denial of the second plea to the jurisdiction on December
27, 2005.

                             Appellees= Motion to Dismiss Appeal For Want of
Jurisdiction

Appellees have filed a motion to dismiss this
appeal on jurisdictional grounds.  They
contend that the Department did not timely perfect an appeal of its
jurisdictional claims because it did not appeal the denial of the first plea to
the jurisdiction.  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp. 2005)
permits an interlocutory appeal from an order that grants or denies a plea to
the jurisdiction by a governmental unit. 
An interlocutory appeal is accelerated under Tex. R. App. P. 28.1.   Accordingly, the notice of appeal in an
interlocutory appeal must be filed within twenty days after the interlocutory
order is signed.  Tex. R. App. P. 26.1(b).

The Fort Worth Court of Appeals dealt with a
similar situation in Denton County v. Huther, 43 S.W.3d 665 (Tex. App.CFort Worth 2001, no pet.).  The trial court partially denied pleas to the
jurisdiction filed by governmental units in Huther on May 10, 2000.  Id. at 666.  The governmental units did not file an interlocutory
appeal of the order denying their initial pleas to the jurisdiction.  Instead, on August 11, 2000, the governmental
units filed a motion to reconsider the previously filed pleas to the
jurisdiction and a renewed plea to the jurisdiction.   The trial court denied the subsequent motion
in a written order entered on August 29, 2000. 
The governmental units filed their notice of appeal on August 31, 2000.








The court of appeals held in Huther that
the governmental units were precluded from appealing the denial of their
jurisdictional claims because they did not timely perfect an interlocutory
appeal after the denial of their original pleas to the jurisdiction.  Id. at 667.  In reaching this holding, the court noted
that the subsequent pleas to the jurisdiction presented the same grounds
alleged in the initial pleas to the jurisdiction.  The court specifically rejected the
governmental units=
contention that they could pursue an appeal based upon subject matter
jurisdiction at any time.  The court held
that, irrespective of the nature of the error in the trial court proceedings,
an appellate court is without jurisdiction to correct an error in the absence
of a timely notice of appeal.

We agree with the rationale employed by the court
in Huther.  Rule 28.1 provides
that interlocutory appeals must be perfected on an accelerated basis.  Rule 28.1 further provides that filing a
motion for new trial will not extend the deadline for filing an accelerated
appeal.  The requirement that
interlocutory appeals are to be filed within twenty days without the
possibility of extending this deadline would be defeated if the party seeking
to file an interlocutory appeal is permitted to appeal the trial court=s subsequent action on a motion that
has simply been refiled.

                                 Did
the Trial Court Enter an Appealable Order Denying 

                                                   the
First Plea to the Jurisdiction?

 

We are required to address a preliminary matter
raised by the Department in response to appellees=
motion to dismiss the appeal for want of jurisdiction.  The Department contends that the trial court
did not enter an appealable order denying the first plea to the
jurisdiction.  The trial court sent a
letter to counsel of record dated October 21, 2005, which provided in relevant
part as follows: ADefendant
Texas Department of Criminal Justice=s
Plea to the Jurisdiction and/or Motion for Dismissal for Lack of Subject Matter
Jurisdiction is hereby DENIED.@  The Department cites Perdue v. Patten
Corp., 142 S.W.3d 596, 601-03 (Tex. App.CAustin
2004, no pet.), for the proposition that a letter from the trial court does not
constitute an appealable order.

We find Perdue to be distinguishable.  The letter ruling in Perdue requested
one of the attorneys to submit a written order to the trial court for entry and
filing.  The court reasoned that the
letter=s
directive for counsel to submit an order indicated that the trial court did not
believe that the letter constituted an operative order.  Id. at 603.  In this case, the trial court=s letter did not direct counsel to
submit a written order for entry in the future.








The letter ruling at issue in this appeal is
analogous to the letter rulings at issue in Champion International Corp. v.
Twelfth Court of Appeals, 762 S.W.2d 898 (Tex. 1988)(orig. proceeding), and
Schaeffer Homes, Inc. v. Esterak, 792 S.W.2d 567, 569 (Tex. App.CEl Paso 1990, no writ).  The letter ruling is written in present-tense
language, and it does not contain a directive for counsel to prepare an
order.  Furthermore, it bears a AFILED@
mark from the trial court clerk=s
office. Accordingly, the trial court=s
letter ruling of October 21, 2005, that denied the Department=s first plea to the jurisdiction
constituted an appealable interlocutory order.

                                          Comparing
the Two Pleas to the Jurisdiction

In its initial plea to the jurisdiction, the
Department sought a dismissal of the causes of action asserted against it on
the basis of sovereign immunity.  The
Department alleged that it could not be sued under the Texas Tort Claims Act[1]
for the following allegations because they did not implicate the use of
motor-driven equipment or property: (1) its failure to train and instruct
correction officers, in particular, Harms; (2) its failure to supervise Harms=s conduct including intervening in his
use of a deadly weapon when uncalled for under the circumstances; and (3) the
failure to supervise other officers on the scene in order to avoid the acts
complained of by appellees.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.021
(Vernon 2005).  The Department
additionally asserted that, while Harms=s
use of the weapon to shoot Avellaneda involved the use of personal property,
the Department has immunity for this use because Harms shot Avellaneda
intentionally.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.057
(Vernon 2005).

In its second plea to the jurisdiction, the
Department alleged the same contentions that it had asserted in the first plea
with respect to the claims involving its supervision and training of Harms and
Harms=s
intentional use of the weapon to shoot Avellaneda.[2]  There is no substantive difference in the
Department=s
presentation of these contentions between the two pleas to the
jurisdiction.  The Department presents
these contentions for our review in its second and third issues on appeal.  We do not have jurisdiction to consider these
issues because the Department did not timely file an interlocutory appeal of
the trial court=s first
order.  See Rules 26.1(b),
28.1.  Accordingly, appellees= motion to dismiss for want of
jurisdiction is granted in part. 

                                                              Section
1983 Claim








The Department=s
second plea to the jurisdiction contained an additional contention that was not
included in the first plea to the jurisdiction. 
This claim involved an allegation that Harms used excessive force
against Avellaneda and that such use constituted cruel and unusual
punishment.  See U.S. Const. amend. VIII.  Appellees assert this claim under 42 U.S.C. ' 1983 against both the Department and
Harms.  The Department asserts that it
has governmental immunity that precludes suit against it under Section
1983.  The Department raises this
contention in its first issue.

Appellees contend that a plea to the jurisdiction
is not a proper vehicle for asserting 
governmental immunity to a Section 1983 claim.  We disagree. 
The Texas Supreme Court has specifically held that governmental immunity
can be raised by a plea to the jurisdiction because, if sustained, an assertion
of immunity would defeat the court=s
jurisdiction.  Harris County v. Sykes,
136 S.W.3d 635, 638 (Tex. 2004).  

A governmental unit does not fall into Section
1983=s
definition of a Aperson@ and is not subject to Section 1983
claims.   Will v. Mich. Dep=t of State Police, 491 U.S. 58, 71
(1989); Tex. Dep=t
of Public Safety v. Petta, 44 S.W.3d 575, 580-81 (Tex. 2001).  Thus, appellees are not permitted to assert a
Section 1983 claim against the Department. 
The Department=s
first issue is sustained.  The trial court=s order denying the Department=s request to dismiss the section 1983
claim asserted against it is reversed and rendered in favor of the Department.

                                                                         Notice

            The Department=s
fourth issue addresses the notice requirement of Tex. Civ. Prac. & Rem. Code Ann. ' 101.101 (Vernon 2005).  The Department asserts that it did not have
actual, subjective awareness of appellees=
claims within six months of Avellaneda=s
death as required by Section 101.101. 
Appellees respond to this contention by asserting that the notice issue
is not properly before the court for our consideration.  We agree.








The Department presented the notice issue to the
trial court in a motion for summary judgment that it filed prior to filing the
pleas to the jurisdiction.[3]  It subsequently referred to the notice issue
in its second plea to the jurisdiction in a recitation of the events which
preceded  the filing of the second plea
to the jurisdiction.  While the Department
made reference to the notice issue in the second plea to the jurisdiction, it
did not raise the notice issue as one of its jurisdictional bases for
dismissing the lawsuit.[4]  Thus, the trial court=s
orders denying the second plea to the jurisdiction do not cover the notice
issue.  Since the Department is only
appealing the trial court=s
orders denying the second plea to the jurisdiction, we cannot consider the notice
issue because the Department has not appealed an order that addresses the
issue.  The Department=s fourth issue is overruled.

                                    The
Department=s Motion
to Stay Trial Court Setting

The Department has filed a motion to stay the
setting of this case for trial on June 26, 2006, during the pendency of this
appeal.  In light of the issuance of our
opinion and judgment,  the motion to stay
is now moot.

                                                               This
Court=s Ruling

Appellees=
motion to dismiss is granted in part; the motion is granted as to the
Department=s
jurisdictional claims that were contained in the Department=s first plea to the jurisdiction.  The trial court=s
order denying the Department=s
request to dismiss the Section 1983 claim is reversed, and judgment is rendered
in favor of the Department as to the Section 1983 claim.  The Department=s
motion to stay the trial court setting is moot.

 

TERRY McCALL

May 4,
2006                                                                            JUSTICE

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]Tex. Civ. Prac. & Rem.
Code Ann. '' 101.001-.109 (Vernon 2005 & Supp. 2005).





[2]We note that the Department stated as follows at the
outset of its second plea to the jurisdiction: AThis Plea
to the Jurisdiction is filed to clarify the record and to provide the Court
with a second opportunity to review the applicable law and grant [the
Department=s] Plea to the Jurisdiction.@ 





[3]The parties contend that the trial court entered an
order denying the motion for summary judgment. 
However, the clerk=s record does not contain a copy of a written order
denying the motion for summary judgment.





[4]The Texas Legislature recently added the following
language to Tex. Gov=t Code Ann. ' 311.034 (Vernon Supp. 2005): AStatutory prerequisites to a suit, including the
provision of notice, are jurisdictional requirements in all suits against a
governmental entity.@  The Texas
Supreme Court had previously held in University of Texas Southwestern
Medical Center at Dallas v. Loutzenhiser, 140 S.W.3d 351, 354 (Tex. 2004),
that the failure to provide notice under Section 101.101 does not deprive the
court of subject matter jurisdiction.