

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00114-CV

IN THE INTEREST OF W.G.O. III, A
MINOR CHILD

----------

FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Robin Lee Meshaya attempts to appeal from two interlocutory trial court orders. One order is a December 17, 2010 order denying her motion for partial summary judgment, and the other is a handwritten order, dated December 28, 2010, that was entered following a bench trial. Appellant filed her notice of appeal on March 30, 2011. Concerned that we lacked jurisdiction over

---

[1]See Tex. R. App. P. 47.4.

the appeal because the trial court had not signed a final order in the case, we sent a letter to Appellant on March 30, 2011, advising her that we would permit the parties a reasonable time to correct the defect in the record by furnishing us with a copy of the order that she desired to appeal. We also stated that the appeal would be dismissed for want of jurisdiction if no order had been signed or furnished to us by April 19, 2011.

Appellant responded by letter on April 18, 2011, but her response does not show grounds for continuing this appeal because neither order attached to her response is a final order subject to appeal. The December 17, 2010 order denying Appellant's motion for partial summary judgment is an interlocutory order not subject to appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008); *see generally Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). Further, although the trial court signed the handwritten December 28, 2010 order after a bench trial, the order directs counsel for Appellee to prepare an order. For this reason, the December 28, 2010 order is also not a final order subject to appeal. *See Perdue v. Patten Corp.*, 142 S.W.3d 596, 603 (Tex. App.—Austin 2004, no pet.) (holding letter to counsel purporting to grant motion for new trial, even though filed with the court clerk, was not a final order because it directed counsel to prepare an order, indicating trial court's intent that a formal order would follow); *cf. Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ) (holding that letter from trial court to parties was sufficient to grant motion for new trial because it did not suggest trial court

2

intended subsequent order to follow but noting that case was in limbo because a new trial had been granted but an appeal could not be had because the trial court had not signed a formal order). Accordingly, because neither the December 17, 2010 order nor the December 28, 2010 order is a final order subject to appeal, we dismiss this appeal, without prejudice, for want of jurisdiction. *See* Tex. R. App. 42.3(a), 43.2(f).

PER CURIAM

PANEL: GARDNER, J.; LIVINGSTON, C.J.; and WALKER, J.

DELIVERED: June 9, 2011