ACCEPTED
04-15-00053-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/5/2015 1:51:36 AM
KEITH HOTTLE
CLERK

## NO. 04-15-00053-CV

### In the Court of Appeals
### for the
### Fourth District
### San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

2/5/2015 1:51:36 AM

KEITH E. HOTTLE
Clerk

THELMA FRANCO,
*Appellant*

V.

RODERICK J. SANCHEZ, AS DIRECTOR OF
DEVELOPMENT SERVICES FOR THE CITY OF SAN ANTONIO,
THE CITY OF SAN ANTONIO, PLANNED PARENTHOOD SOUTH TEXAS, AND
DELANTERO INVESTORS, LTD.,
*Appellees*

On Appeal from the 288th Judicial District Court of Bexar County, Texas
(Cause No. 2015-CI-00039)

### APPELLANT'S RESPONSE TO
### APPELLEE RODERICK SANCHEZ'
### MOTION TO DISMISS

DENNIS J. DROUILLARD
State Bar No. 00793641
Riverview Towers
111 Soledad, Suite 339
San Antonio, Texas 78205
Telephone: (210) 299-7680
Facsimile: (210) 299-7780
E-mail: DennisDrouillard@aol.com

COUNSEL FOR APPELLANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now Appellant, Thelma Franco, and files this Appellant's Response to Appellee Roderick Sanchez' Motion to Dismiss, and in support thereof would respectfully show this Court the following:

## I. Status

1.      Regarding the representations of Mr. Sanchez' counsel at Paragraph 4 of the Motion to Dismiss, the undersigned represents to the Court that he signed and returned the signature page of the order Mr. Sanchez references.  That return was to Appellees' respective counsel via e-mail on the evening of February 4, 2015.  This was done solely to obviate a jurisdictional battle.

2.      Therefore, logic would indicate that the trial court's order Mr. Sanchez claims to seek should be entered by his counsel on February 5, 2015.

3.      Nonetheless, Mrs. Franco asserts that for the reasons briefed *infra*, this Court has interlocutory jurisdiction over this appeal and the Motion to Dismiss should be denied.

## II. Letter Rulings

4.      In *Tex. Dep't of Criminal Justice v. Avellaneda*, No. 11-05-00414-CV, 2006 WL 1172253, at *2 (Tex. App.—Eastland May 4, 2006, no pet.) the Eleventh Court of Appeals determined that a letter ruling from a trial court constituted an appealable order.  *Id.*

2

5.      In *Avellaneda*, the letter ruling from which an appeal was taken read as follows: "Defendant Texas Department of Criminal Justice's Plea to the Jurisdiction and/or Motion for Dismissal for Lack of Subject Matter Jurisdiction is hereby DENIED." *Id.* In response to the State's claim that there was a lack of appellate jurisdiction based upon the decision in *Perdue v. Pattern Corp.*, 142 S.W.3d 596, 601-03 (Tex. App.—Austin 2004, no pet.), the *Avellaneda* court distinguished *Perdue* from the letter rulings in *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 898-99 (Tex. 1988) (orig. proceeding) (the Supreme Court conditionally issued a writ of mandamus when ruling that a trial court's "letter order" actually granted a new trial) and *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ) (a letter order granting a new trial was considered an actual order). *Id.*

6.      The *Avellaneda* court stated that in *Perdue* the letter ruling itself contained a request for the drafting of a written order. *Avellaneda*, 2006 WL 1172253, at *2. Therefore, within the four corners of the *Perdue* letter was a clear intent by the trial court that the letter did not constitute the "operative order". *Id.* In contrast, the letter ruling in *Avellaneda* was analogous to those in *Champion* and *Esterak* in that it was in present-tense language, did not contain requests for further orders, and was file-stamped. *Id.*

3

7.      In *Schroeder v. Haggard*, No. 04-06-00508-CV, 2007 WL 1423968 at *2 (Tex. App.—San Antonio, May 16, 2007, no pet.)—this Court considered a letter ruling in light of the Supreme Court's decision in *Goff v. Tuchscherer*, 627 S.W.2d 397, 398-99 (Tex. 1982). While acknowledging that the Supreme Court stated in *Goff* that "[l]etters to counsel are not the kind of documents that constitute a judgment, decision or order from which an appeal may be taken"—this Court also acknowledged that in *Goff*[1] the letter ruling therein also "requested counsel prepare and present an order reflecting that ruling." *Schroeder*, 2007 WL 1423968, at *2. This Court then went on to acknowledge the opinions in *Esterak* and *Perdue* referenced *supra* when this Court then determined that a January 4th letter in *Schroeder*, "although filed, anticipated further action and therefore did not extend the appellate deadlines." *Schroeder*, 2007 WL 1423968, at *2.

8.      In essence, this Court acknowledged in *Schroeder* that a letter ruling can serve as an appealable order consistent with the opinion in *Esterak* when this Court's decision in *Schroeder* did not turn on an outright prohibition of letter rulings but turned instead on the factual contents of the letter ruling itself as anticipating "further action". *Id.*

---

[1] This Court's treatment of *Goff* is important. Though Mr. Sanchez cites to *Goff* in his Motion to Dismiss at Paragraph 6, he does not describe in his motion this Court's treatment of *Goff*. As can be noted from the briefing herein, Mrs. Franco believes that this Court's treatment of *Goff* is very different from that which Mr. Sanchez implies at Paragraph 6 of his Motion to Dismiss.

9. Accepting the rationale for this Court's decision in *Schroeder* means that this Court appears to concur with recognizing that in certain instances a letter ruling is appealable. Therefore, Mrs. Franco now turns to the application in the instant case.

### III. The Letter Ruling in the Instant Case Confers Jurisdiction

10. Generally, an appellate court may not consider documents outside the record. *Fox v., Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd) (affidavit attached to a brief could not be considered because it was outside the record). Nonetheless, an appellate court may consider documents outside the record when determining its own jurisdiction. *Sabine Offshore Serv. V. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979).

11. Attached hereto as Exhibit "A" is a partial listing of documents filed with the Bexar County Clerk in the underlying case and obtained from the internet. Though the Clerk's Record is being prepared, from the attached Exhibit "A" one can determine that at Sequence P00017 and P00018 are the Judge's Notes and the Judge's Letter, respectively, that form the letter ruling made the basis of this appeal. Since those documents are filed with the District Clerk, it can be assumed that they are file-stamped by the Clerk.

12.    The trial court's letter clearly referenced the Judge's Notes and conveyed the ruling by reference therein.  The letter further contained a statement that the Judge's Notes were being enclosed with the letter.  When looking toward the Judge's Notes, it reads: "Request for Temp Inj as prayed for in Petitioner's 1st Supp. App for Writ of Mandamus + Orig. Petition + App. For TRO + Temp. Inj. Is Denied."

13.    There is neither a request nor directive within the four corners of the letter ruling and its enclosure for further action or the drafting of another order.  It is written in present-tense language and unequivocally articulates the denial of a temporary injunction as prayed for by Mrs. Franco in her filing titled *Petitioner's First Supplemental Application for Writ of Mandamus and Original Petition and Application for Temporary Restraining Order and Temporary Injunction*.  The trial court filed its letter ruling in the District's Clerk's record and this Court will see it as part of the Clerk's Record once the Clerk's Record arrives.

14.    Therefore, based upon the requirement established by this Court in *Schroeder* and based upon the requirement used by the Eighth Court of Appeals in *Esterak*, the letter ruling about which Mr. Sanchez complains actually is an appealable interlocutory order.  As an appealable interlocutory order, this Court retains jurisdiction over Mrs. Franco's appeal.

## IV. Appellee Sanchez Conflates Issues

15. Mr. Sanchez cited to *In re Rivera*, No. 04-12-00025-CV, 2012 WL 219591, at *1 (Tex. App.—San Antonio Jan. 25, 2012, orig. proceeding) (mem. op.) and to *State v. Fuller*, No. 04-96-00898-CR, 1997 WL 136541, at *1 (Tex. App.—San Antonio 1997, no pet.) (not designated for publication) for the proposition that judge's notes are not appealable orders. For the proposition that docket entries or oral renditions are not appealable, he then cited to *Ex Parte Garcia*, No. 04-14-00809-CR, 2015 WL 179383, at *1 (Tex. App.—San Antonio Jan. 14, 2015, no pet. h.) (mem. op.); *Shaw v. State*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.); and *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.).

16. Excepting the *Goff* case—which this Court discussed and distinguished in *Schroeder* as briefed *supra*—in none of the cases that Mr. Sanchez cited regarding judge's notes, docket entries and oral renditions was there a reference to a letter ruling. In none of the cases cited by Mr. Sanchez as referenced in Paragraph 15 *supra* did the trial court adopt and incorporate the judge's notes into a letter ruling. In fact, the proposition in *In re Rivera* and *Fuller supra* that judge's notes are only for the benefit of the judge is belied by the judge who adopts and incorporates by reference those notes in a letter and then sends the compiled letter and notes to counsel of record. Logic would indicate at that point that the

notes no longer stand alone and that they are being used by the judge for more than his own benefit. At that point, the notes are being used as a compiled letter ruling for the benefit of the parties.

### V. Response to Appellee Sanchez' Claims

17. Beyond the briefing about the existence of this Court's jurisdiction over the appeal, there is a need to respond to Mr. Sanchez' ancillary allegations contained within his Motion to Dismiss.

18. At Paragraph 3 of the Motion to Dismiss, Mr. Sanchez claims that counsel "for one of the defendants telephoned staff at the 288th Judicial District Court and received direction . . . to prepare an order for the judge's signature[.]" Mrs. Franco now objects to this statement as unsworn hearsay.

19. The likely reason that Mr. Sanchez incorporates this type of hearsay within his Motion to Dismiss is because if the trial court wanted further action beyond the letter ruling then Mr. Sanchez seems to believe that such a desire might work against this Court's jurisdiction under the holdings in *Schroeder* and *Esterak supra*.

20. Respectfully, Mr. Sanchez conflates the concept of *further action regarding a ruling* with the requirement that such an intent of *further action* be contained within the four corners of the letter ruling.

8

21. The holdings in *Schroeder* and *Esterak* specifically require determining whether a trial court wanted further action based solely upon a reading of the four corners of the letter ruling—not based upon unsworn, off-the-record comments.

22. At Paragraph 4 of the Motion to Dismiss, Mr. Sanchez stated that "[a]s of this date, all counsel except counsel for Appellant Franco have signed the order and returned it for signature and entry." Such a statement incorrectly implies a long period of time to circulate an order and implies that an order was circulated prior to Mrs. Franco filing her notice of appeal. Such implications are incorrect.

23. The Clerk's Record will show that Mrs. Franco electronically filed her notice of interlocutory appeal on February 3, 2015 at 4:53 p.m.—over five days after the hour at which the trial court issued its letter ruling. Exhibit 2 to Mr. Sanchez' Motion to Dismiss indicates that Mr. Sanchez' counsel did not circulate an order until February 4, 2015 at 9:46 a.m.—which is almost 17 hours after Mrs. Franco took her appeal.

## VI. Time Is of the Essence

24. As briefed in the Motion for Temporary Stay filed by Mrs. Franco on February 4, 2015, Mr. Sanchez and the City of San Antonio are likely to issue a Certificate of Occupancy in the near future that—based upon changed circumstances—would deprive this Court of jurisdiction by March 1, 2015.

25.   The effect of waiting days to circulate a one-page order and then complain when Mrs. Franco relies upon a valid letter ruling to appeal the denial of injunction to this Court is:   for the reasons briefed in the Motion for Temporary Stay, the closer to March 1, 2015 that the parties get, the less likely that this Court can retain jurisdiction without imposing a temporary stay.

## CONCLUSION AND PRAYER

Based upon the foregoing, this Court has existing jurisdiction over the interlocutory appeal of the letter ruling.   Based upon the representations of Mr. Sanchez' attorney and the undersigned, entry of an order that Mr. Sanchez seeks logically should occur on February 5, 2015 and obviate the need for a jurisdictional battle.   Under either manner, Mrs. Franco requests that this Court deny the Motion to Dismiss and grant any other relief to which she may be justly entitled.

Respectfully submitted,

Dennis J. Drouillard

_____
DENNIS J. DROUILLARD
State Bar No. 00793641

Law Office of Dennis Drouillard
Riverview Towers
111 Soledad, Suite 339
San Antonio, Texas 78205
Telephone:   (210) 299-7680
Facsimile:   (210) 299-7780

ATTORNEY FOR PLAINTIFF,
THELMA FRANCO

11

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing motion was delivered to following in accordance with the Texas Rules of Appellate Procedure by the method indicated on February 5, 2015:

Counsel for Appellee Roderick Sanchez, As Director of Development Services for the City of San Antonio:

Mr. Shawn Fitzpatrick
FITZPATRICK & KOSANOVICH, P.C.
Post Office Box 831121
San Antonio, Texas 78283-1121
**Via E-file to skf@fitzkoslaw.com**

Counsel for Appellee City of San Antonio:

Ms. Deborah Lynne Klein
Assistant City Attorney
OFFICE OF THE CITY ATTORNEY FOR THE
  CITY OF SAN ANTONIO
Litigation Division
111 Soledad, Tenth Floor
San Antonio, Texas 78205
**Via E-file to Deborah.Klein@sanantonio.gov**

Counsel for Appellee Planned Parenthood South Texas:

Mr. Mark G. Sessions
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, TX 78215-1157
**Via E-file to Mark.Sessions@strasburger.com**

**CERTIFICATE OF SERVICE**

Counsel for Appellee Delantero Investors, Ltd.

    Mr. Merritt Clements
    STRASBURGER & PRICE, LLP
    2301 Broadway Street
    San Antonio, TX 75215
    **Via E-file to Merritt.Clements@strasburger.com**

Signed on February 5, 2015.


*Dennis J. Drouillard*

_____

Dennis J. Drouillard
Attorney for Appellant