

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00105-CV

DONNIE R. MARTINEK D/B/A                                    APPELLANTS
MARTINEK GRAIN & BINS, INC.,
MARTINEK TRUCKING, AND F.U.
ENTERPRISES A/K/A F.U.E.

V.

ROBERT NEAL SCHLUTER, N & M                                APPELLEES
SCHLUTER FAMILY LIMITED
PARTNERSHIP, AND RN & MK,
INC.

----------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
TRIAL COURT NO. CV88-344

----------

**AND**

### NO. 02-16-00108-CV

IN RE ROBERT NEAL SCHLUTER                                 RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. CV88-344

----------

**MEMORANDUM OPINION**[1]

----------

On the court's own motion, we have combined Cause Nos. 02-16-00105-CV and 02-16-00108-CV because resolution of the issues contained within both causes is intertwined.

In Cause No. 02-16-00108-CV, the court has considered relator's petition for issuance of writ of mandamus and is of the opinion that relief should be denied. Based on the jury's verdict, the trial court signed its judgment on November 19, 2015. The record indicates that Real Parties in Interest, Donnie R. Martinek d/b/a Martinek Grain & Bins, Inc., Martinek Trucking, and F.U. Enterprises a/k/a F.U.E., timely filed a motion for new trial electronically on December 21, 2015, which was the first Monday following the 30th day after the trial court's judgment. The 30th day fell on Saturday, December 19, 2015. The timely filing of this motion for new trial, which was overruled by operation of law on the 75th day after judgment, extended the trial court's plenary power until March 3, 2016 (75 days plus 30 days), which was the 105th day after the November 19, 2015 judgment. *See* Tex. R. Civ. Proc. Ann. 329b(c), (e). On

---

[1]*See* Tex. R. App. P. 47.4.

2

March 3, 2016, the trial court granted the motion for new trial via letter in which it stated, "The Court **GRANTS** Plaintiff's Motion for New Trial.  I will not sign Order as presented by Plaintiff.  New Order should be submitted **deleting findings under B page 4 and 5** of Proposed Order." [Emphasis in original]  The letter is stamped by the trial court clerk on March 3, 2016; cites the cause number and the style of case; and was sent to all parties to the case.

This case is distinguishable from this court's holding in *Barron v. Vanier*, 190 S.W.3d 841, 846 (Tex. App.—Fort Worth 2006, no pet.) (op. on reh'g).  In *Barron*, this court held that despite the use of "present language" in a letter by the trial court, the trial court's letter indicating that it would be overruling a plea of privilege did not serve as an intended judgment.  This court reasoned so because the letter was not stamped by the trial clerk.

We conclude that the letter in this case is more akin to the letter found in *Schaeffer Homes, Inc. v Esterak*, where the El Paso court of appeals held that the trial court's letter stating, "new trial is granted," which was signed, dated, filed, and sent to all parties, was sufficient to evince that the trial court had actually rendered judgment granting the new trial.  792 S.W.2d 567, 568–69 (Tex. App.—El Paso 1990, no writ).

Accordingly, relator's petition for issuance of writ of mandamus is denied.

For the reasons stated above, the related appeal in Cause No. 02-16-00105-CV is moot because there is no appealable order from which such an

3

appeal may be brought to this court. We therefore dismiss the appeal as moot. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) (holding that when the trial court grants a motion for new trial, the trial court "essentially wipes the slate clean and starts over."). Likewise, Appellee Robert Neal Schluter's "Motion to Dismiss Appeal for Want of Jurisdiction" and "Appellant's Motion for Extension of Time to File Notice of Appeal and Response to Appellee's Motion to Dismiss" are also moot and dismissed as such. *Id.*

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

WALKER, J., filed a concurring opinion.

DELIVERED: May 27, 2016

4