

| | | |
|---|---|---|
| CHRISTOPHER ERIC AGUILERA, | § | No. 08-18-00227-CR |
| Appellant, | § | Appeal from the |
| v. | § | 41st District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20140D02006) |
| | § | |

## **O P I N I O N**

Appellant, Christopher Eric Aguilera, appeals the trial courts revocation of his community supervision, adjudication of guilt, and ultimate sentencing of five years' confinement to run concurrently on one count of aggravated assault with a deadly weapon and one count of continuous violence against the family; Tex.Penal Code Ann. § 22.02(a)(2), § 25.11. We affirm.

## BACKGROUND

### *Factual Background*

In 2014, Appellant was indicted for one count of aggravated assault with a deadly weapon and a second count of continuous violence against the family—both offenses alleged to have occurred on or about July 27, 2013. In 2015, Appellant entered a negotiated plea of guilty on both counts wherein the trial court deferred adjudication and placed Appellant on community supervision for five years conditioned upon compliance with specific requirements. The trial court

also entered an affirmative finding on the use of a deadly weapon—a pizza cutter.[1]

In 2017, the State filed a motion to adjudicate following Appellant's alleged violations of terms and conditions of his deferred adjudication community supervision and committing a new assault offense. Appellant pled true to all allegations in the motion to adjudicate. The trial court subsequently entered an order revoking Appellant's deferred adjudication community supervision and adjudicated his guilt, sentencing him to three years' confinement on both counts, probated for three years. An affirmative finding on the use of a deadly weapon with a pizza cutter was again included in the written judgment.

Approximately two weeks after Appellant's plea of true, the State filed the "State's Motion to Vacate Plea of True and Re-Adjudicate." The State argued the trial court was precluded from suspending Appellant's sentence and placing him on community supervision due to the trial court's affirmative finding of use of a deadly weapon. Pursuant to Article 42A.054(b) of the TEX.CODE CRIM.PROC.ANN., a trial court may not suspend a sentence and order community supervision when there has been an affirmative deadly weapon finding. The trial court granted the State's motion to vacate the following day, which read:

### STATE'S MOTION TO VACATE PLEA OF TRUE AND RE-ADJUDICATE

A State's Motion for Continuance was filed by the State of Texas under the style and cause number listed above [The State of Texas v. Christopher Eric Aguilera, cause number 20140D02006]. After considering the State's motion, this Court is of the opinion that it is in order and should be GRANTED.

It is therefore ORDERED, ADJUDGED, and DECREED that the Defendant's Plea of True made on May 31, 2017 **shall be vacated.** [Emphasis added].

---

[1] Count I of the indictment alleged Appellant threatened the named victim with a deadly weapon by thrusting a pizza cutter in the direction of the victim's body.

The trial court signed this order, thereby reinstating Appellant's original deferred adjudication community supervision.[2]

Subsequently, the State filed a second motion to adjudicate guilt on the basis of Appellant's violations of the terms and conditions of his deferred adjudication community supervision. During the adjudication of guilt proceeding, defense counsel raised whether the previous adjudication had been validly vacated, asserting it had no legal effect. Defense counsel emphasized the difference between the language, "shall be vacated" and "is vacated," arguing the plea of true order was never vacated because the phrase "shall be" described a future event, and accordingly, the court had merely ordered for the original plea of true to be vacated at some point in the future. Defense counsel argued because the plea of true had not been validly vacated, Appellant's guilt had already been adjudicated and he was presently on three years of *straight* probation, rather than *deferred* probation, rendering his five-year sentence of imprisonment illegal.

The trial judge ultimately found the allegations in the State's motion to be true, revoked Appellant's community supervision, and adjudicated guilt on both counts. The trial court then sentenced Appellant to five years imprisonment on both counts to run concurrently.

## DISCUSSION

In a single issue, Appellant argues the trial court lacked jurisdiction to adjudicate his guilt and sentence him to five years imprisonment. Specifically, Appellant challenges the State's motion to vacate the order of adjudication, positing that due to the language—"shall be vacated"—the order had no legal effect. Appellant asserts because the order vacating the adjudication was never effectuated, Appellant was still on three years straight probation and thus, the court was only permitted to sentence him up to three years' confinement.

---

[2] Appellant agreed and signed off to modifications of the terms and conditions of his prior plea of true for the deferred adjudication community supervision order.

### Standard of Review & Applicable Law

Appellant's sole issue is whether the language "shall be vacated" effectuated a valid vacating of that plea of true and ultimate adjudication of guilt. This is purely a question of law that is reviewed *de novo*. *Martinez v. State*, 348 S.W.3d 919, 922-23 (Tex.Crim.App. 2011)(applying a *de novo* standard of review to pure questions of law).

Trial courts have the jurisdiction and authority to "punish violations of [the] terms and conditions of community supervision." *Lundgren v. State*, 417 S.W.3d 11, 17 (Tex.App.—Fort Worth 2013, pet. granted), *rev'd*, 434 S.W.3d 594 (Tex.Crim.App. 2014). Upon revocation of a defendant's deferred adjudication, the trial court has discretion to impose a sentence of imprisonment for a term within the statutory range of punishment for the offense. *Lombardo v. State*, 524 S.W.3d 808, 816-17 (Tex.App.—Houston [14th Dist.] 2017, no pet.); *see Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003)("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.").

### *Analysis*

Appellant contends that by use of the language "shall be vacated," the plea of true and resulting adjudication of guilt had no legal effect because that phrase refers only to a prospective application. In support, Appellant relies on a Cambridge English Dictionary definition of the word "shall" referring to "the future." Appellant deduces that at the time of the adjudication of guilt proceeding at which he was sentenced five years, Appellant was under a sentence of three years straight probation. Thus, he asserts the trial court lacked jurisdiction to adjudicate guilt or impose a sentence beyond the three-year statutory limit.

The State responds Appellant has failed to show the trial court lacked jurisdiction to adjudicate his guilt and sentence him to five years imprisonment. We agree.

The proper analysis for determining whether a document constitutes an operative order has been utilized by this Court since *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex.App.—El Paso 1990, no writ). *See State v. Janssen*, 592 S.W.3d 530, 534 (Tex.App—Amarillo 2019, pet. ref'd)(holding findings of fact and conclusions of law effectuated a written order to trigger a timeline for the State to appeal an order granting a motion to suppress. The court acknowledged, "an order or ruling may come in many forms" and "[v]arious indicia were developed to help determine that. They include whether the writing 1) identifies the parties, 2) contains the cause number, 3) is signed and dated by the court, 4) illustrates a decision actually rendered, 5) describes that decision with certainty as to its effect on the parties, and 6) is publicly revealed through it being filed of record.")(*citing Schaeffer Homes*, 792 S.W.2d at 569)); *State v. Tate*, No. 06–18–00017–CR, 2018 WL 1061731, at *1 (Tex.App.—Texarkana Feb. 27, 2018, no pet.)(mem. op., not designated for publication); *Cooksey v. State*, No. 05–12–00301–CR, 2013 WL 1934943, at *2 (Tex.App.—Dallas May 10, 2013, no pet.)(mem. op., not designated for publication).

The analysis turns on whether a legal document possesses the necessary attributes of a formal order; a formal order is one that is signed, dated, identifies all the parties and the trial court case number, and is absent of any conduct or subsequent order evidencing the judge's intent for it not to be operative. *Schaeffer Homes*, 792 S.W.2d at 568-69. In *Schaeffer Homes*, a default judgment was entered against Appellants. *Id.* at 568. The trial court vacated the judgment and granted Appellants a new trial by way of a formal letter which stated the defendant's motion for "new trial is granted[.]" *Id.* Appellees challenged the validity of the letter, arguing the language was insufficient to express an intent to grant a new trial. *Id.* We held the letter possessed the necessary attributes and reasoned the letter affirmatively illustrated the judge's intent to grant a

new trial given the trial court used the language "is granted," it having been filed with the clerk, was signed and dated, identified the parties and the trial court case number, and there being no directive or subsequent order evidencing a contrary intent. *Id.* at 569.

Similar to the trial court's letter in *Schaeffer Homes*, the June 14, 2017 order to vacate Appellant's original plea of true and adjudication affirmatively illustrated a clear intent to take operative order. The order was filed with the clerk, was signed and dated by the court, identified the parties and the trial court case number, the entry of the order was publicly announced by the court's filing of the order on the day it was signed, and there was no subsequent order suggesting the order was not considered by the judge to be the final operative order. *See Schaeffer Homes,* 792 S.W.2d at 569 (finding that due to the letter "[e]videncing a decision actually rendered, describing such decision with certainty as to parties and effect, and publicly announcing entry of such decision by prompt filing, we consider this . . . letter to possess all the necessary attributes of an order."). Accordingly, the trial court's order setting aside Appellant's plea of true possessed the necessary attributes of a formal order and had the legal effect of vacating the prior order of adjudication.

The trial court possessed jurisdiction to revoke Appellant's deferred adjudication community supervision and to adjudicate Appellant guilty. Appellant's sole issue is overruled.

## CONCLUSION

For these reasons, we affirm.


December 7, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)