NO. 07-07-0480-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 9, 2008
_____

IN RE ROB L. NEWBY, RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Before us is the *pro se* petition for writ of mandamus filed by relator, Rob L. Newby.

Relator seeks an order compelling a ruling by the Honorable Stuart Messer, judge of the

100th judicial district court,[1] on the following motions filed by relator in that court: (1)

"Motion Requesting Issuance of Citation and Service of Process"; (2) "Motion to Recuse"

(former judge of the 100th judicial district court, David McCoy); and (3) "Motion for

Appointment of Counsel."

A letter from Judge Messer to relator addresses each of these motions. It states

that relator's motion to recuse Judge McCoy is moot as Judge McCoy is no longer the

---

[1] The matter of which relator complains originates with former judge of the 100th judicial district court, David McCoy. Judge McCoy was suspended from office and subsequently resigned. On March 18, 2008, the governor appointed Judge Messer as successor of Judge McCoy. By order of April 15, 2008, we substituted Judge Messer as respondent and abated the proceeding for sixty days so that he could consider the pleadings on which relator seeks a ruling. Tex. R. App. P. 7.2(a) & (b).

judge presiding over relator's case; relator's motion for court appointed counsel is denied; and by separate document the district clerk was ordered to forward specified documents of record to the attorney general. The letter bears the file mark of the district clerk.

We first consider whether the letter of Judge Messer constitutes an order on relator's pending motions. In general, letters from the court to counsel are not the type of documents that constitute a judgment, decision, or order. *See Goff v. Tuchscherer,* 627 S.W.2d 397, 398-99 (Tex. 1982) (issue was whether letter or subsequent order triggered appellate timetable). But in *Goff* the court's letter directed counsel prepare and present an order reflecting his ruling on a plea of privilege under former venue practice. Here, Judge Messer's letter requires no further action memorializing his rulings. Moreover, the letter contains the name and cause number of the case, the court's diction is affirmative rather than anticipatory of rulings on relator's motions,[2] the letter bears a date, it was signed by the court, and was filed with the district clerk. As such, it substantially complies with the requisites of a formal order on relator's motions. *See Schaeffer Homes, Inc. v. Esterak,* 792 S.W.2d 567, 569 (Tex.App.–El Paso 1990, no writ) (distinguishing *Goff* on letter similar to that at bar). All indications are that Judge Messer intended that the letter and the separate order to the district clerk constitute his orders on relator's three motions.[3]

---

[2] According to the letter "[t]he court finds" the recusal motion moot; "I deny" relator's request for appointed counsel; "the court is Ordering the clerk" to forward documents to the attorney general and a copy "of my Order to the clerk is attached."

[3] We also note that relator is an inmate incarcerated in the Texas Department of Corrections Institutional Division. His filings in this Court are handwritten and indicate difficulty preparing and copying documents. We find no reason to believe that Judge Messer intended that relator draft and submit a handwritten proposed order for signature.

We, therefore, find *Goff* distinguishable from the matter at bar.  We conclude Judge Messer's letter constitutes an order expressing his ruling on each of relator's motions.[4]

We now turn to relator's petition for writ of mandamus.  Relator has asked us to compel Judge Messer to rule on his three motions.  Judge Messer has provided relator with an order expressing his rulings on the motions.  We, therefore, find relator's petition for writ of mandamus is moot.  Without reaching the merits of the petition we dismiss it as moot.

It is so ordered.

Per Curiam

---

[4] Our recognition of the instant letter as an order does not signal approval of a practice of relying on letters in lieu of formal orders.  Ordinarily, preliminary letters from a court to counsel indicating a ruling are no more than direction for preparation and circulation of an order formally memorializing the ruling.  Such letters, as in *Goff,* are not orders.