

NUMBER 13-14-00003-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

IN RE CAS COMPANIES, LP INCORRECTLY NAMED
CLEAN AIR SOLUTIONS OF HOUSTON, LLC
AND BILL BOWLIN, INDIVIDUALLY

---

On Petition for Writ of Mandamus.

---

OPINION

Before Justices Rodriguez, Garza, and Perkes
Opinion by Justice Rodriguez[1]

Relators, CAS Companies, LP, incorrectly named Clean Air Solutions of

Houston, LLC, and Bill Bowlin, individually, filed a petition for writ of mandamus in the

above cause on January 6, 2014, requesting that we direct the trial court to vacate its

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

December 9, 2013 final judgment as void due to the expiration of the trial court's plenary power.[2] We deny the petition for writ of mandamus.

## I. BACKGROUND

Service Supply of Victoria, L.L.C. ("Service") brought suit against relators for alleged breach of contract, suit on sworn account, and breach of guaranty. Relators counterclaimed for breach of contract and sought recovery of their attorney's fees and costs. On September 4, 2013, after a bench trial, the trial court rendered a final judgment in favor of Service for $3,416.23 for the remaining balance on the account, $34,567.04 in attorney's fees, and $7,201.85 in interest.

On September 10, 2013, the trial court signed a different final judgment, this time in favor of relators, awarding Service nothing for its claims and awarding relators $42,978.05 for their attorney's fees and costs. On September 13, 2013, the trial court rendered an "Amended Final Judgment," identical in substance to the second judgment, but also stating that "[t]his judgment is FINAL and supersedes and vacates any prior judgments rendered in this case."

On September 23, 2013, the trial court sent a letter to counsel for the parties stating:

> Having reviewed all of the affidavits, motions[,] and proposed judgments, I am herewith vacating both the final judgment and Amended Final Judgment heretofore signed, effective today.
>
> Both parties are ordered to mediate the conflicting attorney fees dispute for half a day with a mediator of your choice. If you are unable to agree on a mediator, please advise the Court and I will select a mediator of my choice.

---

[2] This original proceeding arises from trial court cause number 11-9-72239-C5 in the 267th Judicial District Court of Victoria County, Texas, the Honorable Juergen Skipper Koetter presiding.

If you are unable to resolve the attorney fees dispute at mediation, I will set the matter for a hearing and I will resolve the dispute at that time.

Please do not submit any further judgments or motions or briefs to the Court.

On October 23, 2013, new counsel for Service made an appearance in the case by sending a letter of representation to the District Clerk. This letter requested the district clerk to "file the attached letter/order with the pleadings in this cause," and attached the trial court's September 23, 2013 letter to the parties. Counsel's letter stated that "[t]he letter is an order that the previously entered judgments in the case are now vacated and that the parties are to go to mediation on the issue of attorney's fees." The letter further provided that "[t]he parties are in the process of retaining a mutually agreeable mediator and will report to the court once the mediation has been completed." According to relators, on October 24, 2013, the clerk filed counsel's letter of representation and the attached September 23, 2013 letter from the trial court into the record.

On December 6, 2013, the parties mediated but were unable to resolve their dispute. Relators urge that they participated in mediation "under protest and without waiving the argument that the order to mediate was not valid." The record before the Court contains no pleadings or evidence supporting this assertion.

On December 9, 2013, Service filed a motion for entry of judgment, and that same day, the trial court, referring to the unsuccessful mediation, signed a judgment in favor of Service for $3,416.23 for the remaining balance on the account, contractual attorney's fees of $34,567.04, and interest in the amount of $7,201.85. This judgment provided, in relevant part:

3

On August 21, 2013, this case was called for trial. The parties appeared through their counsel and announced ready. Two previous judgment[s] were entered in this case and later, within thirty days of the second judgment, the Court entered an order vacating those judgments and ordering the parties to mediation. The parties have reported to the Court that the mediation session was unsuccessful and that they are unable to settle their disputes.

This original proceeding ensued on January 7, 2014. That same day, this Court requested a response to the petition for writ of mandamus from Service. On January 13, relators filed a supplemental appendix to their petition for writ of mandamus. Service has now filed its response to the petition for writ of mandamus.

By two issues, relators contend that: (1) the trial court abused its discretion when it entered another final judgment on December 9, 2013, after its plenary power had expired on October 13, 2013; and (2) the amended final judgment entered on September 13, 2013 is a final, non-appealable judgment. Service contends that mandamus is not the proper remedy for relators' complaints and that the letter signed by the trial court on September 23, 2013, is a valid order that continued its plenary power, therefore rendering the December 9, 2013 judgment valid.

## II. STANDARD OF REVIEW

Mandamus is proper if a trial court issues an order beyond its jurisdiction. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *Bd. of Disciplinary Appeals v. McFall*, 888 S.W.2d 471, 472 (Tex. 1994) (orig. proceeding). Mandamus is available to correct a void order even if the order was appealable and the party requesting relief failed to pursue an appeal. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding). Where an order is void, the relator need not show it did not have an adequate appellate remedy and mandamus relief is appropriate. *See In re*

4

*Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding).

Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because the order is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. Specifically, when a trial court erroneously reinstates a case after its plenary power has expired, there is no adequate remedy by appeal and mandamus is the appropriate remedy. *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding); *S. Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). Relief may be granted to set aside an order issued on the merits of a case after the trial court's plenary power expires. *In re Daredia*, 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding). Because mandamus is a proper remedy in a case which alleges that a judgment is void, we proceed to the merits of relators' complaints.

## III. ANALYSIS

The gravamen of relators' complaint is that the trial court's September 23, 2013 letter did not constitute an order that would extend the trial court's plenary jurisdiction over its September 13, 2013 final judgment. The trial court retains plenary power to vacate, modify, correct or reform a judgment for a minimum of thirty days after signing it. *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Once a trial court's plenary power has expired, "a judgment cannot be set aside by the trial court except by bill of review for sufficient cause." *See* TEX. R. CIV. P. 329b(f).

5

In general, a letter from the trial court to counsel is typically not the type of document that constitutes a judgment, decision, or order. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex.1982); *Perdue v. Patten Corp.*, 142 S.W.3d 596, 603 (Tex. App.—Austin 2004, no pet.). However, a letter may constitute an order if it substantially complies with the requisites of a formal order. *See In re Newby*, 266 S.W.3d 557, 558–59 (Tex. App.—Amarillo 2008, orig. proceeding); *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ). Specifically, a letter may constitute an order if: (1) it describes the decision with certainty as to parties and effect; (2) it requires no further action to memorialize the ruling; (3) it contains the name and cause number of the case; (4) the court's diction is affirmative rather than anticipatory of a future ruling; (5) it bears a date; (6) it was signed by the court; and (6) it was filed with the district clerk. *See, e.g., In re Newby*, 266 S.W.3d at 558–59; *Barron v. Vanier*, 190 S.W.3d 841, 846 (Tex. App.—Fort Worth 2006, no pet.); *Schaeffer Homes, Inc.*, 792 S.W.2d at 569; *see also Cooksey v. State*, No. 05–12–00301–CR, 2013 WL 1934943, at **1–4 (Tex. App.—Dallas May 2, 2013, no pet.) (mem. op.). In examining these factors, we focus on whether the trial court intended the letter to serve as an order. *See Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield*, 71 S.W.3d 351, 355 (Tex. App.—Tyler 2001, no pet.). The difficulties inherent in analyzing these issues are apparent in the breadth of cases construing these issues. *See, e.g., Barron*, 190 S.W.3d at 846 (holding that a letter ruling was not an appealable order when it was not filed and the trial court later rendered and filed a formal order); *Perdue*, 142 S.W.3d at 603 (holding that a letter to counsel purporting to grant a motion for new trial, even though filed with the court clerk, was not a final order because it directed counsel to

prepare an order, indicating trial court's intent that a formal order would follow); *In re Fuentes*, 960 S.W.2d 261, 265 (Tex. App.—Corpus Christi, 1997, no writ) (holding that a letter granting a new trial was not valid because it required future action and it was not filed); *see also In re Maddin*, No. 02-08-00475-CV, 2009 WL 1099304, at *3 (Tex. App.—Fort Worth Apr. 20, 2009, orig. proceeding) (mem. op.) (holding that a contempt order in the form of a letter could not constitute an order enforceable by contempt when it did not comply with the "requisites of formal entry of the decision rendered").

In the instant case, the trial court's letter to the parties contained the name and cause number of the case. The letter was dated and signed by the trial judge. The letter affirmatively stated, "I am herewith vacating both the Final Judgment and Amended Final Judgment heretofore signed, effective today." The court's diction is affirmative rather than anticipatory. The letter stated that if the case did not settle at mediation, the court would "set the matter for a hearing and I will resolve the dispute at that time." The letter required no further action from the parties in order to memorialize the trial court's ruling and did not request the parties to draft an order to fulfill the ruling. Although the letter was not immediately filed when issued, it was later filed without any apparent objection from relators.[3] The trial court clearly intended the letter to serve as an order insofar as the December 9, 2013 judgment refers to the letter as "an order vacating those judgments and ordering the parties to mediation." Moreover, although relators contend that they participated in the mediation ordered by the letter "under

---

[3] Relators contend that the September 23, 2013 letter was filed after the expiration of the trial court's plenary power, and thus, the filing was "irrelevant." Whether or not a letter was filed with the district clerk is one of the factors that we consider in determining whether or not the letter constitutes a formal order of the trial court. *See, e.g., In re Newby*, 266 S.W.3d 557, 558–59 (Tex. App.—Amarillo 2008, orig. proceeding). Relators cite no authority for the proposition that the filing must occur within the trial court's period of plenary power, and accordingly, we consider the filing here as a relevant factor in our analysis.

7

protest and without waiving the argument that the order to mediate was not valid," relators do not substantiate this allegation with any citations to the record. *See Gen. Elec. Capital Auto Fin. Leasing Servs.*, 71 S.W.3d at 355 (letter announcing a default judgment did not constitute a final judgment when subsequent communications between parties and trial court clerk were "strong indications that no one, including the trial judge, regarded the September 16 letter as a judgment").

We conclude that the trial court's letter of September 23, 2013 substantially complied with the requisites of a formal order and vacated the judgments previously rendered. Accordingly, the trial court's plenary power did not expire on October 13, 2013, and the trial court had plenary jurisdiction to enter the December 9, 2013 final judgment.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 30th
day of January, 2014.

8