

# NUMBER 13-14-00294-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**KERSTIN JONES,**                                                               **Appellant,**

**v.**

**RODERICK DARRYL JONES,**                                                **Appellee.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Kerstin Jones, proceeding pro se, appealed a decree of divorce entered on March 26, 2014. However, according to our review of a supplemental clerk's record filed in this cause, intervenor Urquhart Law Firm P.L.L.C. ("Urquhart") timely filed a motion to modify the judgment and, alternatively, for new trial on April 25, 2014. Urquhart contended that the divorce decree should be modified or a new trial granted because the

final decree of divorce purported to dispose of real property that Urquhart owned. By (a) letter ruling dated and filed on July 8, 2014, the trial court granted Urquhart's motion for new trial:

> Pending is the intervention/motion to modify/motion for new trial filed by the Urquhart Law Firm in the above-captioned matter. By my calculations, the court's plenary power ends tomorrow. After review of the file and the arguments of counsel, I find that there is some basis to the argument that the acreage in dispute should not have been included in the decree of divorce. However, I do not have enough information to determine if removing the acreage from the decree would affect the existing property division. There is also the claim that the land was fraudulently conveyed or that the conveyance was in violation of a prior injunction.

> Accordingly, in the interest of justice, I am granting a new trial as to the entire case and it is so Ordered. Please forward a copy of this order to counsel of record and Ms. Jones. Please also forward a copy of this order to the Court of Appeals.

On July 29, 2014, the trial court entered an "Order Confirming Order Granting New Trial," stating that it "is hereby ORDERED that this court's order of July 8, 2014 is the order granting a new trial and said order is incorporated herein by reference."

The trial court retains jurisdiction over a case for a minimum of thirty days after a final judgment, during which time the court has plenary power to change its judgment. *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Here, the motion for new trial was timely filed and extended the trial court's plenary power for an additional seventy-five days. *See* TEX. R. CIV. P. 329b(a),(c),(e),(g). When a motion for new trial is timely filed, the trial court has plenary power to vacate, modify, correct, or reform the judgment until thirty days after the motion is overruled, either by a written order or by operation of law, whichever comes first. *See*

TEX. R. CIV. P. 329b(e); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Thus, the court's plenary power may ultimately be extended 105 days after the judgment was signed. *Lane Bank Equip. Co.*, 10 S.W.3d at 310. In this case, the trial court's period of plenary power expired on July 9, 2014. The trial court granted the motion for new trial by letter ruling on July 8, 2014, which was within this extended period of time; however, the trial court's formal order, signed on July 29, 2014, was not signed within the trial court's plenary jurisdiction.

In general, a letter from the trial court to counsel is typically not the type of document that constitutes a judgment, decision, or order. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982); *In re CAS Cos.*, 422 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2014, orig. proceeding); *Perdue v. Patten Corp.*, 142 S.W.3d 596, 603 (Tex. App.—Austin 2004, no pet.). However, a letter may constitute an order if it substantially complies with the requisites of a formal order. *See In re CAS Cos.*, 422 S.W.3d at 875; *In re Newby*, 266 S.W.3d 557, 558–59 (Tex. App.—Amarillo 2008, orig. proceeding); *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ). Specifically, a letter may constitute an order if: (1) it describes the decision with certainty as to parties and effect; (2) it requires no further action to memorialize the ruling; (3) it contains the name and cause number of the case; (4) the court's diction is affirmative rather than anticipatory of a future ruling; (5) it bears a date; (6) it was signed by the court; and (7) it was filed with the district clerk. *See In re CAS Cos.*, 422 S.W.3d at 875; *In re Newby*, 266 S.W.3d at 558–59; *Barron v. Vanier*, 190 S.W.3d 841, 846 (Tex. App.—Fort Worth 2006, no pet.); *Schaeffer Homes, Inc.*, 792

3

S.W.2d at 569.   In examining these factors, we focus on whether the trial court intended the letter to serve as an order.   *In re CAS Cos.*, 422 S.W.3d at 875; *Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield*, 71 S.W.3d 351, 355 (Tex. App.—Tyler 2001, no pet.).

In this case, the trial court's July 8, 2014 letter ruling substantially complies with the requisites of a formal order.   The letter describes the decision to grant a new trial with certainty as to parties and effect; it requires no further action to memorialize the ruling; it contains the name and cause number of the case; the diction is affirmative rather than anticipatory of a future ruling; it bears a date; it was signed by the court; and it was filed with the district clerk.   *See In re CAS Cos.*, 422 S.W.3d at 875; *In re Newby*, 266 S.W.3d at 558–59; *Barron*, 190 S.W.3d at 846; *Schaeffer Homes, Inc.*, 792 S.W.2d at 569. Further, as evidenced by the trial court's subsequent order, the trial court intended the letter to serve as an order.   *See In re CAS Cos.*, 422 S.W.3d at 875; *Gen. Elec. Capital Auto Fin. Leasing Servs.*, 71 S.W.3d at 355.

Accordingly, the trial court granted a new trial in this matter on July 8, 2014.   As a general rule, an order granting a new trial is an interlocutory order that is not reviewable on direct appeal from the order or from a final judgment.   *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) ("Except in very limited circumstances, an order granting a motion for new trial rendered within the period of the trial court's plenary power is not reviewable on appeal."); *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984).   On August 6, 2014, the Clerk of this Court notified appellant that the record before the Court contained no appealable order, and requested correction of this

defect, if it could be done. The Clerk further advised appellant that the appeal would be dismissed for want of jurisdiction if the defect was not corrected within ten days from the date of receipt of this notice. *See* TEX. R. APP. P. 42.3(a),(c). Appellant has not corrected this defect, and we conclude that we lack jurisdiction over this appeal. The appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). All pending motions are likewise DISMISSED.

PER CURIAM

Delivered and filed the
11th day of September, 2014.

5