

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00105-CV

DONNIE R. MARTINEK D/B/A                                              APPELLANTS
MARTINEK GRAIN & BINS, INC.,
MARTINEK TRUCKING, AND F.U.
ENTERPRISES A/K/A F.U.E.

V.

ROBERT NEAL SCHLUTER, N & M                                          APPELLEES
SCHLUTER FAMILY LIMITED
PARTNERSHIP, AND RN & MK,
INC.

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
TRIAL COURT NO. CV88-344

----------

**AND**

## NO. 02-16-00108-CV

IN RE ROBERT NEAL SCHLUTER                                           RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. CV88-344

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

I agree with the majority opinion's disposition of the attempted appeal in cause number 02-16-00105-CV and denial of the petition for writ of mandamus filed in cause number 02-16-00108-CV.  I write separately concerning the denial of mandamus relief simply to point out that the signing of what is tantamount to an amended order granting a new trial (as occurred here) is now commonplace as trial courts attempt to comply with *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009) (orig. proceeding).

The Texas Supreme Court in *In re Columbia Medical Center* imposed the requirement that a trial court granting a motion for new trial provide an understandable, reasonably specific explanation of why it has set aside a jury verdict and is granting a new trial.  *Id.* at 213; *see also In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding).  When a trial court's order granting a new trial fails to comply with *Columbia*'s mandate—that the order provide an understandable, reasonably specific explanation of the trial court's reason for setting aside a jury verdict—then the trial court has abused its

---

[1]*See* Tex. R. App. P. 47.4.

discretion, and mandamus will lie to compel the trial court to issue an amended order that complies with *Columbia*. *See, e.g.*, *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 690 (Tex. 2012) (orig. proceeding). Thus, a trial court's failure to comply with *Columbia*'s requirements constitutes an abuse of discretion, but does not alone vitiate the granting of a new trial. *See id.*; *see also In re Toyota*, 407 S.W.3d at 749 (authorizing mandamus review of reasons stated by trial court for granting new trial).

Here, the trial court unequivocally granted a new trial on the last day of its plenary power by signing a dated, written document (a letter), bearing the trial court cause number and the style of the case, that was filed with the clerk and states, "[T]he Court **GRANTS** Plaintiff's Motion for New Trial." *See, e.g.*, *In re CAS Cos.*, 422 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2014, orig. proceeding) (holding similar letter ruling constituted order); *In re Newby*, 266 S.W.3d 557, 558–59 (Tex. App.—Amarillo 2008, orig. proceeding) (same); *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ) (same). But, because the proposed order granting the new trial correctly stated some, but not all, of the trial court's reasons for setting aside the jury's verdict and granting a new trial, the trial court requested the preparation and tender of a new order reflecting the proper reasons by "deleting findings under B page 4 and 5" of the proposed order. *Accord In re United Scaffolding, Inc.*, 377 S.W.3d at 690 (requiring trial court to issue amended new trial order stating specific and valid reasons for granting new trial). Thus, the trial court

3

here granted a new trial within its plenary power by virtue of its letter ruling and the following day simply signed what amounted to an amended order that accurately set forth its reasons for granting a new trial per *Columbia*. *Accord id*. Therefore, I concur with the majority's denial of the petition for writ of mandamus in cause number 02-16-00108-CV.

/s/ Sue Walker
SUE WALKER
JUSTICE

DELIVERED: May 27, 2016

4