

NUMBER 13-16-00261-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CARLOS GOMEZ AMAYA,**                                              **Appellant,**

**v.**

**BISSELL HOMECARE, INC.,**                                          **Appellee.**

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, Carlos Gomez Amaya, attempted to perfect an appeal from a letter signed on February 8, 2016 by the Honorable Noe Gonzalez in the 370th District Court of Hidalgo County, Texas in cause number F-1532-11-G.   Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final appealable order.   The Clerk of this Court notified appellant of this defect so that

steps could be taken to correct the defect, if it could be done. *See* Tᴇx. R. Aᴘᴘ. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction. Appellant failed to respond to the Court's notice.

A letter from the trial court to counsel is typically not the type of document that constitutes a judgment, decision, or order. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982); *In re CAS Cos.*, 422 S.W.3d 871, 874–75 (Tex. App.—Corpus Christi 2014, orig. proceeding); *Perdue v. Patten Corp.*, 142 S.W.3d 596, 603 (Tex. App.—Austin 2004, no pet.). However, a letter may constitute an order if: (1) it describes the decision with certainty as to parties and effect; (2) it requires no further action to memorialize the ruling; (3) it contains the name and cause number of the case; (4) the court's diction is affirmative rather than anticipatory of a future ruling; (5) it bears a date; (6) it was signed by the court; and (7) it was filed with the district clerk. *See In re CAS Cos.*, 422 S.W.3d at 875; *see e.g., In re Newby*, 266 S.W.3d 557, 558–59 (Tex. App.—Amarillo 2008, orig. proceeding); *Barron v. Vanier*, 190 S.W.3d 841, 846 (Tex. App.—Fort Worth 2006, no pet.); *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ). In examining these factors, we focus on whether the trial court intended the letter to serve as an order. *See Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield*, 71 S.W.3d 351, 355 (Tex. App.—Tyler 2001, no pet.). The letter under consideration in this case fails to meet these requirements.

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for

want of jurisdiction.    Accordingly, the appeal is DISMISSED FOR WANT OF

JURISDICTION.    *See generally* TEX. R. APP. P. 42.3.

PER CURIAM

Delivered and filed the
21st day of July, 2016.