

IN THE
TENTH COURT OF APPEALS

No. 10-16-00206-CR

IN RE WILLIAM M. WINDSOR

Original Proceeding

CONCURRING OPINION

While I concur with the Court's disposition of this original proceeding, I write

separately to discuss Relator William M. Windsor's issues for the benefit of the parties.

Asserting six issues, Windsor seeks mandamus relief against the Respondent trial-

court judge, the Honorable Cindy Ermatinger, Presiding Judge of the 443rd District Court

in Ellis County. Windsor also requests a stay of the underlying action, which is a bond-

forfeiture proceeding that arose when Judge Ermatinger forfeited Windsor's $100,000

personal-recognizance bond in a December 30, 2014 judgment nisi.[1] *See Ex parte Windsor,*

---

[1] Bond-forfeiture appeals are criminal matters but are governed by the procedural rules that govern civil appeals. *See Safety Nat'l Cas. Corp. v. State,* 305 S.W.3d 586, 588 (Tex. Crim. App. 2010); *Int'l Fidelity Ins. Co. v. State,* No. 10-03-00178-CR, 2003 WL 22976423, at *1 (Tex. App.—Waco Dec. 17, 2003, no pet.) (mem. op., not designated for publication).

No. 10-14-00401-CR, 2016 WL 192303, at *6 (Tex. App.—Waco Jan. 14, 2016, pet. ref'd)

(mem. op., not designated for publication).

> To be entitled to mandamus relief, the relator must show that: (1) he has no adequate remedy at law, and (2) what he seeks to compel is a ministerial act. With respect to the second requirement, the relator must show a clear right to the relief sought. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles."

*In re State ex rel. Tharp,* 393 S.W.3d 751, 754 (Tex. Crim. App. 2012) (orig. proceeding)

(citations omitted).

Windsor's fourth issue asserts that Judge Ermatinger has taken action in the underlying case while Windsor's motion for her recusal is pending. This is also one of Windsor's grounds for a stay of the case. Windsor's amended petition alleges that he sent for filing a "Motion for Recusal" of Judge Ermatinger on June 3, 2016 and that this motion is pending before the "Presiding Judge."[2] Windsor next alleges that Judge Ermatinger took action in the case while his recusal motion was pending when, in a June 22, 2016 letter included in Windsor's appendix,[3] Judge Ermatinger set all pending motions for hearings on June 28, 2016 and July 14, 2016 and set the case for jury trial on

---

[2] Because of subsequent developments, it appears that the "Presiding Judge" reference is a reference to the Honorable Mary Murphy, Presiding Judge of the First Administrative Judicial Region. Windsor further asserts that on June 22, he filed motions to recuse Judge Murphy and Judge Keith Dean, the judge appointed to consider Windsor's motion to recuse Judge Ermatinger. Included in Windsor's Appendix is a June 10, 2016 letter from the trial-court court coordinator that indicates that Judge Dean was appointed to hear Windsor's motion to recuse Judge Ermatinger. The Court has also been provided with the trial-court court coordinator's July 25, 2016 letter to Windsor and accompanying file-marked July 25, 2016 order of the Honorable William C. Bosworth, Jr. that denies Windsor's motion to recuse Judge Murphy.

[3] Windsor's appendix, which I would treat as his record, is not certified or sworn, as required by Rules 52.3(k) and 52.7(a)(1). *See* TEX. R. APP. P. 52.3(k), 52.7(a)(1).

August 22, 2016. *See* TEX. R. CIV. P. 18a(f)(2)(A) ("If a motion is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record.").

In addition to his burden of showing a clear right to the relief sought, Windsor bears the burden of providing a sufficient record to establish his right to mandamus relief. *See In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Windsor's record does not include a copy of his motion to recuse Judge Ermatinger, which is a document material to his claim for relief. *See* TEX. R. APP. P. 52.7(a)(1) ("Relator must file with the petition: (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also id.* R. 52.3(k)(1)(A) ("The appendix must contain: (A) a certified or sworn copy of any order complained of, or any other document showing the matter complained of"). And other than the slightly informative June 10 letter from the court coordinator, Windsor has not provided a record that establishes what occurred after he filed his motion to recuse Judge Ermatinger, including whether the motion was set for hearing or was ruled on.

From Windsor's appendix and the June 10 letter, all that I can ascertain or reasonably infer is that Judge Murphy appointed Judge Dean to hear the motion to recuse Judge Ermatinger, Windsor filed a "motion for reconsideration" that Judge Dean was going to hear on June 22, and if Judge Dean granted Windsor's motion for

reconsideration, he would immediately hear the motion to recuse Judge Ermatinger.[4]

I believe that Windsor has not met his burdens of showing a "clear right" to the relief sought and providing a sufficient record to establish his right to mandamus relief. He has not provided the subject motion to recuse Judge Ermatinger, the motion for reconsideration, or any other evidence showing what occurred upon the filing of his motion to recuse Judge Ermatinger. For these reasons, I would overrule issue four. I would also deny his amended motion for temporary relief to the extent that it requests a stay of the underlying case on the ground in issue four.

Issue six asserts that Windsor, who claims he is indigent, must be appointed counsel in the underlying bond-forfeiture case. Windsor asserts that he filed his "Emergency Motion to Name Public Defender" on June 9, 2016.

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper,* 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.,* 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

---

[4] Windsor did not include his motion for reconsideration in his record, *see* TEX. R. APP. P. 52.7(a)(1), 52.3(k)(1)(A), nor does he mention it or the subject of it in his amended petition or his amended motion for temporary relief. Given the timing of the June 10 letter and its content, I suspect that Judge Dean denied Windsor's motion to recuse Judge Ermatinger, Windsor filed a motion for reconsideration of that ruling, and then Windsor moved to recuse Judge Dean and Judge Murphy. If Judge Dean did deny the motion to recuse Judge Ermatinger, that would explain her June 22 letter that contains hearing settings and a trial setting. Irrespective of my suspicion, Windsor has not met his burdens on this issue, as I next explain.

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

I believe that Windsor has not met his burden on this issue either. First, Windsor has not shown that the motion has been properly filed; the copy in his appendix is not file-marked. Second, Windsor has not shown that he has brought the motion to the trial judge's attention; a trial judge's ministerial duty of considering and ruling on a motion properly filed and before the judge generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *Chavez*, 62 S.W.3d at 228. Also, the mere filing of a pleading or letter *with the clerk* does not impute knowledge *to the trial judge. See In re Comeaux*, No. 10-10-00243-CV, 2010 WL 3703662, at *2 (Tex. App.—Waco Sept. 22, 2010, orig. proceeding) (mem. op.) (citing *In re Flores*, No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25,

2003, orig. proceeding) (mem. op.)).

Third, according to his allegations, Windsor moved to recuse Judge Ermatinger six days before he filed his "Emergency Motion to Name Public Defender," and she could take no action in the case while the recusal motion was pending "except for good cause stated in writing or on the record." TEX. R. CIV. P. 18a(f)(2)(A). Furthermore, Windsor filed this original proceeding on June 22, 2016, and his motion to recuse Judge Ermatinger and his June 22 motions to recuse Judge Dean and Judge Murphy are likely some of the reasons why Windsor's "Emergency Motion to Name Public Defender" was not ruled on posthaste.[5]

For these reasons, I would overrule Windsor's sixth issue and also deny his amended motion for temporary relief to the extent that it requests a stay of the underlying case on the ground in issue six.

In his first issue, Windsor complains that Judge Ermatinger has not ruled on any of his filed motions and, specifically, his motion to dismiss.[6] Because I believe that Windsor has not met his burden, I would overrule issue one: Windsor has not shown

---

[5] I express no opinion on whether counsel should be appointed for Windsor in the underlying bond-forfeiture case. Windsor is correct—and I stated so above—that a bond-forfeiture proceeding is a criminal matter. I note, however, that the "criminal matter" status of a bond-forfeiture proceeding does not establish entitlement to appointed counsel under Texas law. "An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement … ." TEX. CODE CRIM. PROC. ANN. art. 1.051(c) (West Supp. 2016). And trial-court judges are required to have procedures for appointing counsel only for indigent defendants "arrested for, charged with, or taking an appeal from a conviction of a misdemeanor punishable by confinement or a felony." *Id.* art. 26.04(a) (West Supp. 2016). On the other hand, an "indigent defendant is entitled to have an attorney appointed to represent him … in any other criminal proceeding if the court concludes that the interests of justice require representation." *Id.* art. 1.051(c).

[6] It is notable that, in a June 22 letter, the trial court set all of Windsor's motions for hearings on June 28 and July 14 and that Windsor's flurry of recusal motions and this original proceeding likely preempted the trial court's ability to rule on Windsor's motions.

that his motions have been properly filed, that he has brought the motions to the trial judge's attention, and that the trial judge then failed or refused to rule within a reasonable time.

In issue five, Windsor complains that Judge Ermatinger's June 22 letter has scheduled hearings in a manner that denies Windsor due process, discovery, and rights under the rules of civil procedure. Windsor argues that he has many pending motions that must be ruled on before the trial court rules on the parties' competing motions for summary judgment. Judge Ermatinger's June 22 scheduling letter does exactly what Windsor argues for. That letter set for hearing on June 28 all pending motions except for the summary-judgment motions, which were set for hearing on July 14. I would overrule issue five on that basis.

In issue three, Windsor complains about the use of the above-mentioned June 10 and June 22 letters by Judge Ermatinger and her court coordinator to notify the parties of hearing dates and times. Windsor argues that these letters are orders and should be issued as orders so that they are appealable. I think that Windsor is wrong. First, these letters are notice letters, not orders disguised as letters. Second, an order in the form of a letter can be appealable. *See, e.g., In re Newby*, 266 S.W.3d 557, 558 (Tex. App.—Amarillo 2008, orig. proceeding). For these reasons, I would overrule issue three.

Windsor's second issue complains that Judge Ermatinger "has denied and ignored" Windsor's "requests" to participate in hearings by telephone.[7] *See* TEX. R. JUD.

---

[7] Windsor alleges that his presence at the hearings is being required so that he can be arrested in Ellis County. *See In re Windsor,* No. 10-16-00202-CR, 2016 WL ----- (Tex. App.—Waco Aug. 31, 2016, orig.

ADMIN. 7(a)(6)(b) ("district … court judge shall:   (6) to the extent consistent with safeguarding the rights of litigants to the just processing of their causes, utilize methods to expedite the disposition of cases on the docket of the court, including … (b) the use of telephone or mail in lieu of personal appearance by attorneys for motion hearings, pretrial conferences, scheduling and the setting of trial dates").

Windsor is correct that the trial court's June 22 letter states that the parties are "REQUIRED to be present" in court for the scheduled hearings, but he has not met his burden of showing that he has properly filed a request for telephone hearings, that he has brought the request to the trial judge's attention, and that the trial judge then failed or refused to rule on his request within a reasonable time.  I would overrule issue two on this basis.

REX D. DAVIS
Justice

Concurring opinion delivered and filed August 31, 2016
Do not publish



---

proceeding) (mem. op., not designated for publication) (discussing that Windsor was indicted in Ellis County for offense of bail jumping and that case was dismissed without prejudice).