**DISMISS and Opinion Filed March 13, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00047-CV

**SHERRY RHODES AND BREENA RHODES, BOTH INDIVIDUALLY AND AS NEXT FRIEND TO M.A.A., A CHILD, Appellants**
**V.**
**ANDREW AIKENS AND NANCY AIKENS, Appellees**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-16-1058**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Whitehill

This is an appeal from the trial court's November 28, 2018 "emailed judgment."[1]  In the "emailed judgment," the trial judge explains he requested a hearing in a district court in Utah, where the child the subject of this suit has been residing since moving from Texas, to determine which court has exclusive jurisdiction over the suit.  *See* TEX. FAM. CODE ANN. § 152.202(a)(2). The "emailed judgment" includes the findings and conclusions the trial judge made following a review of the hearing transcript and directs counsel "to prepare an order" encompassing the findings and conclusions.

---

[1] The notice of appeal was filed along with an extension motion.

Appellate deadlines do not begin to run until a final judgment or appealable interlocutory order has been signed. *See* TEX. R. APP. P. 26.1; *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). Generally, a letter from a trial judge to the parties is not the type of document that constitutes a judgment or appealable order. *See In re CAS Co., LP*, 422 S.W.3d 871, 874-75 (Tex. App.—Corpus Christi 2014, original proceeding). To constitute a judgment or appealable order, a letter ruling must substantially comply with the requisites of a formal judgment and must not require further action. *See id.* at 875.

Because the "emailed judgment" required counsel "to prepare an order" to memorialize the trial judge's rulings, we questioned whether it was an appealable judgment conferring jurisdiction over the appeal. *See Farmer*, 907 S.W.2d at 496; *CAS Co.*, 422 S.W.3d at 875. At our request, appellants filed a letter brief addressing our concern. However, appellants do not direct us to any authority or place in the record demonstrating the "emailed judgment" is a formal judgment that has triggered the appellate deadlines. Accordingly, we dismiss the appeal for lack of jurisdiction.[2] *See* TEX. R. APP. P. 42.3(a).

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

190047F.P05

---

[2] Because we have no jurisdiction over the appeal, we also lack jurisdiction over the pending extension motion.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHERRY RHODES AND BREENA RHODES, BOTH INDIVIDUALLY AND AS NEXT FRIEND TO M.A.A., A CHILD, Appellants

No. 05-19-00047-CV     V.

ANDREW AIKENS AND NANCY AIKENS, Appellees

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 1-16-1058.
Opinion delivered by Justice Whitehill, Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered March 13, 2019.