Opinion issued June 21, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00441-CV

————————————

**STUART N. WILSON AND STUART N. WILSON & ASSOCIATES, P.C., Appellants**

**V.**

**SILVIA TREVINO AND ELEAZER MALDONADO, Appellees**

On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Case No. 13-DCV-209723A

## MEMORANDUM OPINION

This is an attempted interlocutory appeal from a trial court letter signed May 30, 2019. Appellee Eleazer Maldonado filed an emergency motion to dismiss this appeal for want of jurisdiction, claiming that the letter was not an appealable interlocutory order. Maldonado has moved for emergency dismissal, claiming that

the trial court has until July 1 to rule on Maldonado's motion to dismiss under Section 27.003. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(a). Appellee Sylvia Trevino subsequently filed her emergency motion to dismiss and joinder in Maldonado's motion. Appellants Stuart N. Wilson and Stuart N. Wilson & Associates, P.C. responded to the motions and oppose them.

The underlying case was a divorce action in which appellants represented Trevino, but their services were later terminated. Appellants intervened for attorney's fees and raised claims of breach of contract, fraud, wire fraud, civil conspiracy to commit fraud, unjust enrichment, business disparagement, and fraudulent inducement. These claims were severed from the divorce action into a separate case, and Trevino and Maldonado sought dismissal of appellants' claims under the Texas Citizens' Participation Act, arguing that the claims related solely to the exercise of Trevino's and Maldonado's rights to petition. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(a).

By letter dated May 30, 2019, the trial court stated that Maldonado's motion to dismiss was granted as to all causes of action and that Trevino's motion to dismiss was granted as to all causes of action except the claims of fraud and fraudulent inducement. The letter set a date for a hearing on attorney's fees and sanctions as requested in the motions and stated that "[e]ntry of orders in the above ruling is likewise scheduled for June 17, 2019 at 9:00 a.m."

Although a trial court letter is generally not the type of document that constitutes a judgment or order, *see Goff v. Tuchsherer*, 627 S.W.2d 397, 398–99 (Tex. 1982), a letter may be construed to be an order if:

> (1) it describes the decision with certainty as to parties and effect; (2) it requires no further action to memorialize the ruling; (3) it contains the name and cause number of the case; (4) the court's diction is affirmative rather than anticipatory of a future ruling; (5) it bears a date; (6) it was signed by the court; and (7) it was filed with the district clerk.

*In re CAS Cos., LP*, 422 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2017, orig. proceeding).

In *CAS*, the court determined that the trial court's letter constituted a valid order because it contained the name and cause number of the case, it was dated and signed by the trial judge, it contained an affirmative ruling that was not anticipatory of further orders, and it was subsequently filed with the clerk. *See id.* at 876*; see also In re Newby*, 266 S.W.3d 557 (Tex. App.—Amarillo 2008, orig. proceeding) (holding that trial court letter ruling on motions was valid order because letter was signed by trial court, filed with district clerk, and indicated trial court's intent for letter to be order without anticipating future ruling on motions); *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ) (letter to parties held to be order granting new trial based on clear language with nothing evidencing letter was not to have operative effect); *Champion Int'l Corp. v. Twelfth Ct. of Apps.*, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding) (letter order held

to be valid order as it stated in present language that court was ordering mistrial and that new trial would be scheduled).

Although the trial court's May 30 letter states its ruling—granting the motions to dismiss—the court also states that entry of orders for those rulings will take place on June 17 (those orders were not entered). By stating that future action and entry would occur, the trial court indicated that its letter was not to have operative effect. *See Goff*, 627 S.W.2d at 398 (holding that trial court letter was not valid order even though it stated trial court had overruled plea of privilege because letter also requested preparation of order which indicated intent that letter was not valid, appealable order); *In re Johnson*, 557 S.W.3d 740, 744 (Tex. App.—Waco 2018, orig. proceeding) (holding that trial court's letter expressed intent that letter was not formal order and subsequent written order signed outside trial court's plenary power was void); *Perdue v. Patton Corp.*, 142 S.W.3d 596, 603 (Tex. App.—Austin 2004, no pet.) (holding that trial court's letter to parties requesting preparation of order granting motion for new trial indicated that trial court did not intend for letter to have operative effect and thus, it was not valid, signed order ruling on motion for new trial).

Because the trial court's May 30 letter is not an order, it may not be the basis for an appeal. *See Morris v. State of Tex. Parks and Wildlife Dept.*, No. 13–03–00372–CV, 2004 WL 555425, at *1–2 (Tex. App.—Corpus Christi Mar. 16, 2004,

4

no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because trial court letter was not intended to be trial court's order).

Maldonado and Trevino also claim that we lack jurisdiction because the trial court purports to grant the motions to dismiss in the letter, rather than to deny them.[1] Because we find that the letter is not an appealable order, we need not reach this argument.

We grant the motions to dismiss and dismiss this appeal for lack of jurisdiction.[2] Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

---

[1] Section 51.014(a)(12) provides for appeal from an interlocutory order that denies a motion to dismiss under Section 27.003, but not an order that grants a motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

[2] Trevino and Maldonado also ask that we award attorney's fees to appellees for having to respond to the "improvident appeal." This Court does not have the power to award attorney's fees. We may grant damages for a frivolous appeal under Rule 45, but we decline to do so. *See* TEX. R. APP. P. 45.

5