**Dismiss and Opinion Filed April 27, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00839-CV

## BRIAN HUNTER, Appellant
## V.
## JANET RENEE MOBLEY, Appellee

### On Appeal from the 382nd Judicial District Court
### Rockwall County, Texas
### Trial Court Cause No. 1-20-0639

## MEMORANDUM OPINION
Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

This appeal follows a letter ruling dismissing, under the Texas Citizens'

Participation Act ("TCPA" or "Act"), appellant's sole cause of action against

appellee and awarding appellee mandatory attorney's fees under the Act. *See* TEX.

CIV. PRAC. & REM. CODE ANN. § 27.003, 27.005, 27.009. Because the letter ruling

did not appear to be appealable as it did not dispose of appellee's counterclaim for

assault,[1] we questioned our jurisdiction over the appeal. *See Lehmann v. Har-Con*

---

[1] The letter ruling also did not appear to constitute an appealable order as it directed counsel to prepare a formal order. *See In re CAS Cos., LP*, 422 S.W.3d 871, 874-75 (Tex. App.—Corpus Christi 2014, no pet.) (letter ruling may constitute appealable order if, among other factors, "it requires no further action to

*Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to mostly statutory exceptions, appeal may only be taken from final judgment that disposes of all parties and claims); *Fleming & Assocs. v. Kirklin*, 479 S.W.3d 458, 460 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (per curiam) (noting no statute authorizes an appeal from interlocutory order granting TCPA motion to dismiss).

In letter briefing filed at our request, appellant notes the Houston Fourteenth Court of Appeals, in *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV, 2013 WL 407029, *1 (Tex. App.—Houston [14th Dist.] Jan. 24, 20213, order), found it had jurisdiction over an order granting a TCPA motion to dismiss that was interlocutory because of pending counterclaims and argues we should, too. In the event we determine otherwise, he notes the trial court has signed an order granting him permission to appeal under Texas Civil Practice and Remedies Code section 51.014(d), and he requests we also grant him permission.

*Beacon Hill* was decided five months prior to the enactment of Texas Civil Practice and Remedies Code section 51.014(a)(12), which authorizes an interlocutory appeal only from an order denying a TCPA motion to dismiss. *See* Act of June 14, 2013, R.S., ch. 1042, 2013 Gen. Laws 2499, 2500 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)). *Beacon Hill* is, therefore, inapplicable. And while a permissive appeal under section 51.014(d) is a potential avenue for

---

memorialize the ruling"). However, appellant has informed the Court the trial court has since signed an order.

appealing an interlocutory order that is not otherwise appealable, section 51.014(d) and its implementing rules, Texas Rule of Civil Procedure 168 and Texas Rule of Appellate Procedure 28.3, demand adherence to strict requirements not satisfied here. Those requirements include that the trial court (1) state that the order being appealed involves a controlling question of law as to which a substantial ground for difference of opinion exists, (2) identify the controlling question of law, and (3) explain why an immediate appeal is warranted. *See* TEX. R. CIV. P. 168. Additionally, the party seeking to appeal must file in the appellate court a petition for permissive appeal that contains a table of contents, index of authorities, issues presented, statement of facts, and clear and concise argument in support. *See* TEX. R. APP. P. 28.3(e).

Because the appealed ruling is interlocutory and unappealable, we lack jurisdiction and dismiss the appeal. *See id.* 42.3(a).

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

200839F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

BRIAN HUNTER, Appellant

No. 05-20-00839-CV     V.

JANET RENEE MOBLEY, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 1-20-0639.
Opinion delivered by Justice Nowell, Justices Osborne and Pedersen, III participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Janet Renee Mobley recover her costs, if any, of this appeal from appellant Brian Hunter.

Judgment entered this 27th day of April, 2021.